1   MARK C. ZEBROWSKI (CA SBN 110175)
    MZebrowski@mofo.com
2   ELLEN NUDELMAN ADLER (CA SBN 235534)
    EAdler@mofo.com
3   CHRISTIAN G. ANDREU-VON EUW (CA SBN 265360)
    christian@mofo.com
4   JOANNA L. SIMON (CA SBN 272593)
    JoannaSimon@mofo.com
5   MORRISON & FOERSTER LLP
    12531 High Bluff Drive
6   San Diego, California  92130-2040
    Telephone: 858.720.5100
7   Facsimile: 858.720.5125

8   Attorneys for Defendants and Counterclaimants
    GREE ELECTRIC APPLIANCES, INC.
9   OF ZHUHAI and HONG KONG GREE
    ELECTRIC APPLIANCES SALES LTD.
10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13  MJC America, Ltd. dba Soleus International, Inc. and MJC America Holdings Co., Inc., and MJC Supply, LLC, | Case No. 2:13-cv-04264-SJO-(CWx) |
| 14 | |
| 15                        Plaintiffs, | **GREE ELECTRIC APPLIANCES, INC. OF ZHUHAI AND HONG KONG GREE ELECTRIC APPLIANCES SALES LTD.'S ANSWER TO SECOND AMENDED COMPLAINT** |
| 16 | |
| 17          vs. | |
| 18  Gree Electric Appliances, Inc. of Zhuhai and Hong Kong Gree Electric Appliances Sales Ltd., and Does 1 through 10, inclusive, | |
| 19 | **DEMAND FOR JURY TRIAL** |
| 20                        Defendants, | Crtrm:  1 – 2nd Floor |
| 21          and | Judge:  The Honorable S. James Otero |
| 22  Gree USA, Inc., a California corporation, | Complaint filed:  June 13, 2013 |
| 23 | |
| 24                  Nominal Defendant. | |

25

26

27

28

1  Gree Electric Appliances, Inc. of
   Zhuhai and Hong Kong Gree Electric
2  Appliances Sales Ltd.,

3                    Counterclaimants,

4  vs.

5  MJC America Holdings Co., Inc., MJC
   Supply, LLC, Charley Loh, Jimmy Loh,
6  and Simon Chu, and Does 11-20,
   inclusive,

7
                    Counterdefendants,
8
   and
9
   Gree USA, Inc., a California
10 corporation,

11                   Nominal Defendant.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Defendants and Counter-plaintiffs Gree Electric Appliances, Inc., of Zhuhai
2    and Hong Kong Gree Electric Appliances Sales Ltd. answers the Second Amended
3    Complaint of MJC America Holdings Co., Inc. as follows:
4                                **ANSWER**
5                          **NATURE OF THE ACTION**
6         1.    Gree Electric Appliances, Inc. of Zhuhai and Hong Kong Gree Electric
7    Appliances Sales Ltd. (collectively "Gree") admit the allegations of Paragraph 1 of
8    the Verified Second Amended Complaint ("SAC").
9         2.    Gree admits that MJC America (and Gree) would transfer certain
10   customer accounts for certain products to Gree USA and that MJC America would
11   provide sales, marketing, and post-sales services on behalf of Gree USA.  Gree
12   denies the remaining allegations of Paragraph 2 of the SAC.
13        3.    Gree admits the allegations of Paragraph 3 of the SAC.
14        4.    Gree admits that the initial capital of Gree USA was $80,000 and that
15   in 2012, Gree USA sold over 1.2 million units of air conditioners and
16   dehumidifiers, with a sales volume of over $150 million.  Gree denies the
17   remainder of the allegations of Paragraph 4 of the SAC.
18        5.    Gree is without sufficient knowledge or information to form a belief as
19   to the truth of the allegations of Paragraph 5 of the SAC, and therefore denies those
20   allegations.
21        6.    Gree is without sufficient knowledge or information to form a belief as
22   to the truth of the allegation that MJC America took these complaints seriously and
23   immediately reported them to the Gree China Entities.  Gree admits that in
24   November 2012, MJC America informed the Gree China entities that it would stop
25   selling certain small capacity dehumidifiers.  Gree denies the remainder of the
26   allegations in paragraph 6.
27        7.    Gree denies the allegations of Paragraph 7 of the SAC.
28        8.    Gree denies the allegations of Paragraph 8 of the SAC.

9.     Gree admits that it discontinued production of certain products and denies the remaining allegations of Paragraph 9 of the SAC.

10.    Gree denies the allegations of Paragraph 10 of the SAC.

11.    Gree denies the allegations of Paragraph 11 of the SAC.

**THE PARTIES**

12.    Gree is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12 of the SAC, and therefore denies those allegations.

13.    Gree is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13 of the SAC, and therefore denies those allegations.

14.    Gree is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 14 of the SAC, and therefore denies those allegations.

15.    Gree admits that Gree China is incorporated under the laws of the People's Republic of China and is managed from Zhuhai, China.  Gree also admits that Gree China is listed on the China Stock Exchange.  Gree denies the remaining allegations in Paragraph 15 of the SAC.

16.    Gree denies that Gree Hong Kong "at all times" operates at the direction and control of Gree China.  Gree admits the remaining allegations of Paragraph 16 of the SAC.

17.    Gree admits the allegations of Paragraph 17 of the SAC.

18.    Gree is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18 of the SAC, and therefore denies those allegations.

19.    Gree denies the allegations of Paragraph 19 of the SAC.

20.    Gree denies the allegations of Paragraph 20 of the SAC.

/ / /

1

## JURISDICTION AND VENUE

2      21.    Gree does not dispute that jurisdiction is proper in this court.

3      22.    Gree does not dispute that venue is proper in this court.

4

## INTRADISTRICT ASSIGNMENT

5      23.    Gree does not dispute that this action should be assigned to the

6  Western Division of this court.

7

## DERIVATIVE ALLEGATIONS

8      24.    Gree admits that MJC Holdings alleges a derivative claim on behalf of

9  Gree USA and that MJC Holdings owns 49% of the shares of Gree USA.

10     25.    Gree admits the allegations of Paragraph 25 of the SAC.

11     26.    Gree admits the allegations of Paragraph 26 of the SAC.

12     27.    Gree denies the allegations of Paragraph 27 of the SAC.

13     28.    Gree admits that on or about October 25, 2012, Larry Lam resigned as

14  a Director of Gree USA and was replaced by Guoqiang Zhang and that the board

15  consented to the action.  Gree denies the remaining allegations of Paragraph 28 of

16  the SAC.

17     29.    Gree admits that in May 2013 it duly appointed Zhang Zhenghu to

18  replace Zhang Guoqiang and also appointed Jian Chen to serve as a Director of

19  Gree USA by letter signed by Dong Mingzhu.  Gree denies the remaining

20  allegations of Paragraph 29 of the SAC.

21     30.    Gree admits the content of Gree USA's Bylaws attached as Exhibit A

22  to the SAC.  Gree denies the remaining allegations of Paragraph 30 of the SAC.

23     31.    Gree is without sufficient knowledge or information to form a belief as

24  to the truth of the allegations of Paragraph 31 of the SAC, and therefore denies

25  those allegations.

26     32.    Gree admits there is an ongoing dispute regarding the composition of

27  Gree USA's Board.  Gree denies the remaining allegations of Paragraph 32 of the

28  SAC.

1        33.     Gree admits that Zhang Zhenghu is the head of Hong Kong Gree's

2    export department and that Jian Chen's salary is paid by Hong Kong Gree and that

3    he was appointed to Gree USA's board by Hong Kong Gree.  Gree is without

4    sufficient knowledge or information to form a belief as to the truth of the remaining

5    allegations of Paragraph 33 of the SAC.

6        34.     Gree admits the allegations of Paragraph 34 of the SAC.

7        35.     Gree admits that the SAC alleges misconduct by Dong Mingzhu.  Gree

8    admits that Dong Mingzhu is the Chairperson and Chief Executive Officer of Gree

9    China.  Gree admits that Dong Mingzhu is a Director of Gree Hong Kong. Gree

10    denies the remaining allegations of Paragraph 35 of the SAC.

11        36.     Gree is without sufficient knowledge or information to form a belief as

12    to the truth of the allegations of Paragraph 36 of the SAC, and therefore denies

13    those allegations.

14                    **UNDERLYING FACTS**

15    **A.**    **Formation of Gree USA**

16        37.     Gree admits the allegations of Paragraph 37 of the SAC.

17        38.     Gree admits that the parties began negotiations to form a corporation

18    together in late 2009.  Gree denies the remaining allegations of Paragraph 38 of the

19    SAC.

20        39.     Gree is without sufficient knowledge or information at this time to

21    form a belief as to the truth of the allegations concerning Larry Lam's conduct in

22    Paragraph 39 of the SAC, and therefore denies those allegations.  Gree denies the

23    remaining allegations in Paragraph 39 of the SAC.

24        40.     Gree admits the Memorandum of Understanding attached as Exhibit B

25    to the SAC states what it states.  Gree denies the remaining allegations of Paragraph

26    40(a) through (e) of the SAC.

27    **B.**    **Gree USA Begins Operating**

28        41.     Gree admits the allegations of Paragraph 41 of the SAC.

42. Gree admits the document attached as Exhibit C to the SAC states what it states. Gree denies the remaining allegations of Paragraph 42 of the SAC.

43. Gree admits that the initial capital of Gree USA was $80,000 and that in 2012, Gree USA sold over 1.2 million units of air conditioners and dehumidifiers, with a sales volume of over $150 million. Gree denies the remainder of the allegations of Paragraph 43 of the SAC.

44. Gree denies the allegations of Paragraph 44 of the SAC.

45. Gree admits that MJC Supply received payments from Gree USA. Gree denies the remaining allegations of Paragraph 45 of the SAC.

**C. Gree China Manufactures Defective Dehumidifiers for Gree USA**

46. Gree is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 46 of the SAC, and therefore denies those allegations.

47. Gree is without sufficient knowledge or information to form a belief as to the truth of the allegation that MJC America took these complaints seriously and immediately reported them to the Gree China Entities. Gree admits that MJC requested that Gree China test certain dehumidifiers. Gree denies the remaining allegations of Paragraph 47 of the SAC.

48. Gree admits that in August of 2012, it received one dehumidifier that had reportedly overheated and/or caught fire at Gree China for further investigation. Gree is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 48 of the SAC, and therefore denies them.

49. Gree admits that on or about October 10, 2012, MJC America requested that Gree China provide it with a copy of a UL report that certified that the dehumidifiers at issue were manufactured using flame-retardant materials in compliance with applicable United States safety standards. Gree admits that retailers in the United States generally require electrical appliance products to obtain UL certification before agreeing to sell those products. Gree admits that

1   independent testing found that certain dehumidifiers manufactured by Gree China

2   presented a potential fire hazard.  Gree denies the remaining allegations of

3   Paragraph 49 of the SAC.

4        50.     Gree is without sufficient knowledge or information to form a belief as

5   to the truth of the allegations that MJC America sent three dehumidifiers to Intertek

6   for testing on or about October 30, 2012 and that Intertek reported to MJC America

7   a design error to MJC America.  Gree admits that in November 2012, MJC America

8   informed Gree China that it would stop selling certain dehumidifiers with a small

9   pint capacity, and that Gree China disputed the findings of the Intertek report.  Gree

10  denies the remainder of the allegations in Paragraph 50 of the SAC.

11       51.     Gree admits that it provided an Initial Report to CPSC, filed jointly

12  with MJC America and Gree USA, on March 14, 2013.  Gree denies the remainder

13  of the allegations of Paragraph 51 of the SAC.

14       52.     Gree is without sufficient knowledge or information to form a belief as

15  to the truth of the allegations of Paragraph 52 of the SAC, and therefore denies

16  those allegations.

17       53.     Gree admits that the CRT report dated May 10, 2013 concluded that

18  four units manufactured in 2010, 2011, and 2012 did not meet the UL 94 standard,

19  and that the dehumidifiers manufactured in 2013 satisfied the UL 94 standard.

20  Gree denies the remainder of the allegations of Paragraph 53 of the SAC.

21       54.     Gree admits that on June 14, 2013, it authorized the issuance of a stop-

22  sale notice—to be sent out by MJC America and Gree USA—for certain

23  dehumidifiers manufactured between January 2010 and 2012.  Gree denies the

24  remaining allegations of Paragraph 54 of the SAC.

25       55.     Gree admits that on September 12, 2013, the CPSC issued an

26  announcement that Gree was recalling 12 brands of dehumidifiers and that the

27  CPSC announcement stated this was "due to serious fire and burn hazards."  Gree

28  denies the remainder of the allegations of Paragraph 55 of the SAC.

**D.  Gree China and Hong Kong Gree's Plan to Destroy MJC America and Gree USA**

56.  Gree denies the allegations of Paragraph 56 of the SAC.

57.  Gree denies that it, at the direction of Dong Mingzhu or anyone else, embarked on a campaign to intimidate and ultimately destroy Gree USA and MJC America, which had transferred substantial operational and intellectual property assets to Gree USA, and was now largely reliant on Gree USA for its own success, and that Gree China and/or Hong Kong Gree engaged in misconduct as part of a campaign to destroy Gree USA, which would, by design, significantly damage MJC America and its affiliates.  Gree further denies that Larry Lam could act on behalf of the Gree China entities.  Gree is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 57 of the SAC, and therefore denies those allegations.  Gree denies the remaining allegations contained in Paragraphs 57(a)-(f).

58.  Gree denies the allegations in Paragraph 58 of the SAC.  Gree specifically denies that any conduct permanently damaged Gree USA's relationships or resulted in a loss of business to Gree USA.  Gree denies the remaining allegations contained in Paragraphs 58(a)-(c).

59.  Gree denies the allegations of Paragraph 59 of the SAC.

**E.  Hong Kong Gree Intentionally Infringes on MJC's Trademark as Part of Its Campaign to Damage MJC**

60.  Gree denies the allegations of Paragraph 60 of the SAC.

61.  Gree is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 61 of the SAC, and therefore denies those allegations.

62.  Gree denies the allegations of Paragraph 62 of the SAC.

63.     Gree is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 63 of the SAC, and therefore denies those allegations.

64.     Gree is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 64 of the SAC, and therefore denies those allegations.

65.     Gree is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 65 of the SAC, and therefore denies those allegations.

66.     Gree admits that it was aware of the Soleus Air mark.  Gree denies the remaining allegations of Paragraph 66 of the SAC.

67.     Gree admits that Exhibit F to the SAC states what it states.  Gree denies the remaining allegations of Paragraph 67 of the SAC.

68.     Gree denies the allegations of Paragraph 68 of the SAC.

69.     Gree admits that Exhibit G states what it states.  Gree denies the remaining allegations of Paragraph 69 of the SAC.

70.     Gree is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 70 of the SAC, and therefore denies those allegations.

71.     Gree denies the allegations of Paragraph 71 of the SAC.

72.     Gree denies the allegations of Paragraph 72 of the SAC.

73.     Gree denies the allegations of Paragraph 73 of the SAC.

74.     Gree denies the allegations of Paragraph 74 of the SAC.

75.     Gree denies the allegations of Paragraph 75 of the SAC.

**F.     Gree China Breaches Its Indemnification Agreement With the MJC Entities as part of Its Ongoing Campaign to Destroy the MJC Entities**

76.     Gree denies the allegations of Paragraph 76 of the SAC.

1    77.    Gree admits that Exhibit H to the SAC states what it states.  Gree
2  denies the remaining allegations of Paragraph 77 of the SAC.

3    78.    Gree admits that certain models of Gree dehumidifiers were subject to
4  a voluntary recall through the United States Consumer Product Safety Commission.
5  Gree denies the remaining allegations of Paragraph 78 of the SAC.

6    79.    Gree denies the allegations of Paragraph 79 of the SAC.

7    80.    Gree denies the allegations of Paragraph 80 of the SAC.

8    81.    Gree admits that on or around July 1, 2014, it informed the MJC
9  Entities that any indemnification claims the MJC Entities would have would be a
10  "future offset of what they owe Gree."   Gree denies the remaining allegations of
11  Paragraph 81 of the SAC.

12  **G.    Gree China Breaches Its Indemnification Agreement with Gree USA as**
13      **Part of Its Ongoing Campaign to Damage Gree USA and the MJC**
14      **Entities**

15    82.    Gree denies the allegations of Paragraph 82 of the SAC.

16    83.    Gree denies the allegations of Paragraph 83 of the SAC.

17    84.    Gree admits that certain models of Gree dehumidifiers were subject to
18  a voluntary recall through the United States Consumer Product Safety Commission.
19  Gree denies the remaining allegations of Paragraph 84 of the SAC.

20    85.    Gree denies the allegations of Paragraph 85 of the SAC.

21    86.    Gree denies the allegations of Paragraph 86 of the SAC.

22    87.    Gree denies the allegations of Paragraph 87 of the SAC.

23                              **COUNT I**

24  **(BY MJC AMERICA AND MJC SUPPLY AGAINST DEFENDANTS GREE**

25  **CHINA AND HONG KONG GREE) FOR FRAUD IN THE INDUCEMENT**

26    88.    Gree incorporates its response to the paragraphs above.

27

28

89.     Gree admits that the parties began negotiations to form a corporation together in late 2009.  Gree denies the remaining allegations of Paragraph 89 of the SAC.

90.     Gree is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations concerning Larry Lam's conduct in Paragraph 39 of the SAC, and therefore denies those allegations.  Gree denies the remaining allegations in Paragraph 90 of the SAC.

91.     Gree denies the allegations of Paragraph 91 of the SAC.

92.     Gree denies the allegations of Paragraph 92 of the SAC.

93.     Gree denies the allegations of Paragraph 93 of the SAC.

94.     Gree admits that it voluntarily approved the issuance of a stop sale notice on June 14, 2013 and a recall announcement, in cooperation with CPSC, on September 12, 2013, due to an identified fire and burn hazard.  Gree denies the remainder of the allegations of Paragraph 94 of the SAC.

95.     Gree denies the allegations of Paragraph 95 of the SAC.

96.     Gree denies that MJC America and MJC Supply had not been told the truth or that the Gree China Entities made material misrepresentations or omissions and that MJC America has been damages in any way by Gree.  Gree is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 96 of the SAC, and therefore denies those allegations.

97.     Gree denies the allegations of Paragraph 97 of the SAC.

///

///

///

///

///

///

**COUNT II**

**(BY MJC AMERICA AND MJC SUPPLY AGAINST DEFENDANTS GREE CHINA AND HONG KONG GREE) FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

98.    Gree incorporates its response to the paragraphs above.

99.    Gree denies the allegations of Paragraph 99 of the SAC.

100.   Gree denies the allegations of Paragraph 100 of the SAC.

101.   Gree denies the allegations of Paragraph 101 of the SAC.

102.   Gree denies the allegations of Paragraph 102 of the SAC.

103.   Gree denies the allegations of Paragraph 103 of the SAC.

104.   Gree denies the allegations of Paragraph 104 of the SAC.

**COUNT III**

**(BY MJC AMERICA AND MJC SUPPLY AGAINST DEFENDANTS GREE CHINA AND HONG KONG GREE) FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

105.   Gree incorporates its response to the paragraphs above.

106.   Gree admits that Gree USA sold products manufactured by Gree China, MJC America was to provide services to Gree USA and its customers and that MJC America received payments from Gree USA.  Gree denies the remaining allegations of Paragraph 106 of the SAC.

107.   Gree admits the content of Gree USA's Articles of Association.  Gree denies the remaining allegations of Paragraph 107 of the SAC.

108.   Gree denies the allegations of Paragraph 108 of the SAC.

109.   Gree denies the allegations of Paragraph 109 of the SAC.

110.   Gree denies the allegations of Paragraph 110 of the SAC.

///

///

///

**COUNT IV**

**(BY MJC HOLDINGS DERIVATIVELY ON BEHALF OF GREE USA AGAINST DEFENDANTS GREE CHINA AND HONG KONG GREE) FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

111.   Gree incorporate its response to the paragraphs above.

112.   Gree admits that Gree USA made sales to customers.  Gree denies the remaining allegations of Paragraph 112 of the SAC.

113.   Gree denies the allegations of Paragraph 113 of the SAC.

114.   Gree admits it knew of the customer sales of Gree USA.  Gree denies the remaining allegations of Paragraph 114 of the SAC.

115.   Gree denies the allegations of Paragraph 115 of the SAC.

116.   Gree denies the allegations of Paragraph 116 of the SAC.

117.   Gree denies the allegations of Paragraph 117 of the SAC.

**COUNT V**

**(BY MJC AMERICA AND MJC SUPPLY AGAINST DEFENDANTS GREE CHINA AND HONG KONG GREE) FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ*.**

118.   Gree incorporates its response to the paragraphs above.

119.   Gree denies the allegations of Paragraph 119 of the SAC.

120.   Gree denies the allegations of Paragraph 120 of the SAC.

121.   Gree denies the allegations of Paragraph 121 of the SAC.

122.   Gree denies the allegations of Paragraph 122 of the SAC.

**COUNT VI**

**(BY MJC SUPPLY AGAINST HONG KONG GREE) FOR FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1118)**

123.   Gree incorporates its response to the paragraphs above.

124.   Gree denies the allegations of Paragraph 124 of the SAC.

1    125.   Gree denies the allegations of Paragraph 125 of the SAC.

2                        **COUNT VII**

3    **(BY MJC SUPPLY AGAINST HONG KONG GREE) FOR FEDERAL**

4              **UNFAIR COMPETITION (15 U.S.C. § 1125)**

5    126.   Gree incorporates its response to the paragraphs above.

6    127.   Gree denies the allegations of Paragraph 127 of the SAC.

7    128.   Gree denies the allegations of Paragraph 128 of the SAC.

8    129.   Gree denies the allegations of Paragraph 129 of the SAC.

9    130.   Gree denies the allegations of Paragraph 130 of the SAC.

10                       **COUNT VIII**

11   **(BY MJC SUPPLY AGAINST HONG KONG GREE) FOR TRADEMARK**

12           **DILUTION UNDER FEDERAL LAW (15 U.S.C. § 1125)**

13   131.   Gree incorporates its response to the paragraphs above.

14   132.   Gree denies the allegations of Paragraph 132 of the SAC.

15   133.   Gree denies the allegations of Paragraph 133 of the SAC.

16   134.   Gree denies the allegations of Paragraph 134 of the SAC.

17   135.   Gree denies the allegations of Paragraph 135 of the SAC.

18                        **COUNT IX**

19   **(BY MJC SUPPLY AND MJC AMERICA AGAINST GREE CHINA) FOR**

20              **BREACH OF CONTRACT**

21   136.   Gree incorporates its response to the paragraphs above.

22   137.   Gree denies the allegations of Paragraph 137 of the SAC.

23   138.   Gree denies the allegations of Paragraph 138 of the SAC.

24   139.   Gree denies the allegations of Paragraph 139 of the SAC.

25   140.   Gree denies the allegations of Paragraph 140 of the SAC.

26

27

28

## COUNT X

## (BY MJC SUPPLY AND MJC AMERICAN AGAINST GREE CHINA) FOR PROMISSORY ESTOPPEL

141.   Gree incorporates its response to the paragraphs above.

142.   Gree denies the allegations of Paragraph 142 of the SAC.

143.   Gree denies the allegations of Paragraph 143 of the SAC.

## COUNT XI

## (BY MJC HOLDINGS DERIVATIVELY ON BEHALF OF GREE USA AGAINST GREE CHINA) FOR BREACH OF CONTRACT

144.   Gree incorporates its response to the paragraphs above.

145.   Gree denies the allegations of Paragraph 145 of the SAC.

146.   Gree denies the allegations of Paragraph 146 of the SAC.

147.   Gree denies the allegations of Paragraph 147 of the SAC.

148.   Gree denies the allegations of Paragraph 148 of the SAC.

## COUNT XII

## (BY MJC HOLDINGS DERIVATIVELY ON BEHALF OF GREE USA AGAINST GREE CHINA) FOR PROMISSORY ESTOPPEL

149.   Gree incorporates its response to the paragraphs above.

150.   Gree denies the allegations of Paragraph 150 of the SAC.

151.   Gree denies the allegations of Paragraph 151 of the SAC.

## SEPARATE AFFIRMATIVE DEFENSES

For its separate and independent affirmative defenses in this action, and without conceding that it bears the burden of proof or persuasion as to any defense, the Defendants allege as follows, based on the facts presently known to it at this time:

## FIRST AFFIRMATIVE DEFENSE

## (Failure to State a Claim)

The SAC and each cause of action therein fails to state a cause of action for

1  affirmative relief against Cross-Defendants.

2  **SECOND AFFIRMATIVE DEFENSE**

3  **(Estoppel)**

4  The SAC and each cause of action therein is barred by the doctrine of

5  estoppel.

6  **THIRD AFFIRMATIVE DEFENSE**

7  **(Unclean Hands)**

8  Plaintiffs are barred by their own unclean hands.

9  **FOURTH AFFIRMATIVE DEFENSE**

10  **(Fraud)**

11  The SAC and each cause of action therein fails for fraud in the inducement.

12  **FIFTH AFFIRMATIVE DEFENSE**

13  **(Mitigation)**

14  The SAC and each cause of action therein fails for failure to mitigate.

15  **SIXTH AFFIRMATIVE DEFENSE**

16  **(Offset)**

17  The SAC and each cause of action therein is subject to partial or complete

18  offset.

19  **SEVENTH AFFIRMATIVE DEFENSE**

20  **(No Damages)**

21  Plaintiffs' claims are barred, in whole or in part, because they have incurred

22  no legally cognizable injury or damages and therefore lack standing.

23  **EIGHTH AFFIRMATIVE DEFENSE**

24  **(Intervening or Superseding Events)**

25  To the extent Plaintiff has suffered any legally cognizable injury or damages,

26  which Defendants deny, any injury or damages were caused by intervening or

27  superseding events, factors, occurrences, conditions or acts of others and/or other

28  factors and not the alleged wrongful conduct on the part of the Defendant(s).

1 | 
2 | 

## NINTH AFFIRMATIVE DEFENSE
### (Contractual Remedies and Limitations)

Plaintiff's claims are barred, in whole or in part, by the contracts between the parties, and by the contractual remedies and limitations contained in the parties' agreements.

## TENTH AFFIRMATIVE DEFENSE
### (Proportionate Fault)

If the Defendants are found to be in any manner legally responsible for any of the damages purportedly sustained by Plaintiff, which liability is denied, any such damages were proximately caused or contributed to by the fault of Plaintiff and/or persons or entities other than Defendants.  It is necessary that the proportionate degree of fault of each and every such person or entity be determined and prorated and that any judgment which might be rendered against the Defendants be reduced by that degree of fault found to exist as to Plaintiff, and by the total degree of fault found to exist as to all other persons or entities.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Plaintiff's claims are barred, in whole or in part, because any recovery by Plaintiff would constitute an unlawful recovery or unjust enrichment.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

Other parties not named in the SAC may be indispensable parties to this action.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Consent and/or Ratification)

Plaintiff's claims are barred, in whole or in part, by the doctrines of consent and/or ratification.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Misrepresentation)

As a separate and independent affirmative defense, Defendant alleges Plaintiff is barred from recovery in this action because any of the conduct of Defendant which is alleged to be unlawful or a breach of any alleged contract was taken as a direct result of misrepresentations made by Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Fraud)

As a separate and independent affirmative defense, Defendant alleges that Plaintiff is not entitled to any relief in this action because, but for Plaintiff's fraudulent conduct towards Defendant, Plaintiff would never have been put, and never would have remained, in a position to be injured by Defendant's alleged conduct (which Defendant denies).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Defendant therefore reserves the right to add those affirmative defenses which it deems necessary to its defense during or upon the conclusion of investigation and discovery.  Defendant further reserves the right to assert any additional affirmative defenses asserted by another defendant and/or allowed by the law of the jurisdiction found to apply in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendants and Counterclaim Plaintiffs pray for judgment against Plaintiffs and Counterclaim Defendants as follows:

1.      That Plaintiffs take nothing by their Second Amended Complaint;

1    2.    That Counterclaim Plaintiffs be awarded general damages and actual

2    damages in an amount to be proven at trial;

3    3.    That Counterclaim Plaintiffs be awarded exemplary or punitive

4    damages, as allowed, in an amount sufficient to punish Counterclaim Defendants

5    for their conduct and to set an example;

6    4.    That Counterclaim Plaintiffs be awarded incidental damages in an

7    amount to be proven at trial;

8    5.    That Counterclaim Plaintiffs be awarded interest on all monetary

9    damages, to the maximum amount allowed by law;

10    6.    For costs of suite herein incurred; and

11    7.    For other, different, or further relief as the Court may deem just and

12    proper.

13

14

15    Dated:  September 19, 2014    MORRISON & FOERSTER LLP

16

17                          By:  _____/s/ Mark C. Zebrowski_____

18                                Mark C. Zebrowski

19                                Attorneys for Defendants and Counterclaimants

20                                Gree Electric Appliances, Inc. of Zhuhai
                                  and Hong Kong Gree Electric Appliances
21                                Sales Ltd.

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

3

I certify that on September 19, 2014, I caused a copy of the following

document to be filed electronically and that the document is available for viewing

4

and downloading from the ECF system. Participants in the case who are registered

5

CM/ECF users will be served by the CM/ECF system.

6

7

**GREE ELECTRIC APPLIANCES, INC. OF ZHUHAI AND
HONG KONG GREE ELECTRIC APPLIANCES SALES LTD.'S
ANSWER TO SECOND AMENDED COMPLAINT**

8

9

Executed this 19th day of September, 2014 at San Diego, California.

10

11

/s/ Mark C. Zebrowski
Mark C. Zebrowski

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE
2:13-cv-04264-SJO-(CWx)
sd-647329

1