MARK C. ZEBROWSKI (CA SBN 110175)
MZebrowski@mofo.com
ELLEN NUDELMAN ADLER (CA SBN 235534)
EAdler@mofo.com
JOANNA L. SIMON (CA SBN 272593)
JoannaSimon@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125

Attorneys for Defendants and Counterclaimants
GREE ELECTRIC APPLIANCES, INC.
OF ZHUHAI and HONG KONG GREE
ELECTRIC APPLIANCES SALES LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MJC America, Ltd. dba Soleus International, Inc. and MJC America Holdings Co., Inc., and MJC Supply, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>Gree Electric Appliances, Inc. of Zhuhai and Hong Kong Gree Electric Appliances Sales Ltd., and Does 1 through 10, inclusive,<br><br>Defendants,<br><br>and<br><br>Gree USA, Inc., a California corporation,<br><br>Nominal Defendant. | Case No. 2:13-cv-04264-SJO-(CWx)<br><br>**GREE ELECTRIC APPLIANCES, INC. OF ZHUHAI AND HONG KONG GREE ELECTRIC APPLIANCES SALES LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION *IN LIMINE* NO. 3 TO EXCLUDE OR LIMIT THE TESTIMONY OF ALAN SCHOEM**<br><br>The Honorable S. James Otero<br><br>Date: April 21, 2015<br>Time: 9:00 a.m.<br>Ctrm: 1 – 2nd Floor<br><br>Complaint filed: June 13, 2013 |

| | |
|---|---|
| 1 | Gree Electric Appliances, Inc. of Zhuhai and Hong Kong Gree Electric Appliances Sales Ltd., |
| 2 | |
| 3 | Counterclaimants, |
| 4 | vs. |
| 5 | MJC America Holdings Co., Inc., MJC Supply, LLC, Charley Loh, Jimmy Loh, and Simon Chu, and Does 11-20, inclusive, |
| 6 | |
| 7 | |
| 8 | Counterdefendants, |
| | and |
| 9 | Gree USA, Inc., a California corporation, |
| 10 | |
| 11 | Nominal Defendant. |

Defendants Gree Electric Appliances, Inc. of Zhuhai and Hong Kong Gree Electric Appliances Sales Ltd. (collectively, "Gree") move *in limine* for an order excluding the testimony of Plaintiffs' CPSC expert, Alan Schoem. Mr. Schoem's expert opinions are irrelevant, improper instructions on the law, inadmissible legal conclusions, and improper opinions outside the scope of the rebutted expert's report. Mr. Schoem's testimony, as reflected in his expert report (attached hereto as Exhibit A), should be precluded under Federal Rules of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

**I.     INTRODUCTION**

Plaintiffs have proffered Alan Schoem to rebut the report of Gree's expert, Richard Stern. Mr. Stern is an expert in product and processes safety management, as both a manufacturer and a regulator for CPSC.[1] Mr. Stern's report reaches the following conclusions:

> 1.     Gree acted in a manner consistent with best industry safety management practices when they retained Exponent to assist in a very complex and difficult to replicate product failure analysis that was technically beyond their previous experience;
>
> 2.     Gree acted in a manner consistent with best industry safety management practices in working cooperatively with the staff of the CPSC to develop and implement an acceptable corrective action plan;
>
> 3.     Gree acted in a manner consistent with best industry safety management practices in retaining the services of Stericycle to assist in the implementation of the CPSC-approved dehumidifier recall program; and
>
> 4.     Gree acted in a manner consistent with best industry safety management practices in retaining the services of an outside expert in safety/compliance program management to conduct a review [of] their systems and offer recommendations on areas for possible improvement.[2]

---

[1] Ex. B (Stern Report) at 2.

[2] *Id.* at 7.

Mr. Schoem's expert report does not rebut *any* of Mr. Stern's opinions, but rather goes off on tangents: explanations of CPSC regulations and legal conclusions about the untimeliness of Gree's reporting to CPSC. Mr. Schoem's testimony should be excluded as outside the scope of rebuttal testimony.

In addition to not responding to or rebutting Mr. Stern, Mr. Schoem's opinions are explanations of the law and legal conclusions. Both are inadmissible. *Nationwide Transport Finance v. Cass Information Systems, Inc.* 523 F.3d 1051, 1058 (9th Cir. 2008).

Finally, Mr. Schoem's opinions are simply not relevant because they do not assist the trier of fact "to understand the evidence or to determine a fact in issue." *See* Fed. R. Evid. 702. This is not a CPSC enforcement action. Nor is this a product defect case. Mr. Schoem's opinions about product design and the violation of CPSC standards are not relevant to any of MJC's causes of action, and should be excluded under *Daubert*.

## II. LEGAL STANDARD

Expert testimony must be both relevant and reliable to be admissible. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 836 (9th Cir. 2011).

### A. Rule 702

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge *will help the trier of fact to understand the evidence or to determine a fact in issue*;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

(Emphasis added).

### B. An Expert May Not Reach Legal Conclusions or Instruct the Jury on the Law

"'[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court.'" *Nationwide Transport Finance v. Cass Information Systems, Inc*. 523 F.3d 1051, 1058 (9th Cir. 2008) (citing *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) and Fed. R. Evid. 702); *see also United States v. Boulware*, 558 F.3d 971, 975 (9th Cir. 2009).

Expert testimony must "assist the trier of fact to understand the evidence or to determine a *fact* [not law] in issue." *See* Fed. R. Evid. 702 (emphasis added). In particular, an expert may not testify as to "opinions regarding government regulations and policies." *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1052-53 (9th Cir. 2012).

### C. A Rebuttal Expert's Testimony Is Limited to the Subject Matter of the Expert Being Rebutted

Rebuttal expert testimony is "testimony 'intended solely to contradict or rebut evidence on the same subject matter' as another party's expert disclosure[.]" *Theoharis v. Rongen*, 2014 U.S. Dist. LEXIS 98086, at *6 (W.D. Wash. July 18, 2014) (quoting Fed. R. Civ. Pro. R. 26(a)(2)(D)(ii)). "Rebuttal expert testimony 'must address the 'same subject matter' identified by the initial expert.'" *Farris v. Int'l Paper Co.*, No. 5:13-cv-00485-CAS(SPx), 2014 U.S. Dist. LEXIS 100216, at *4 (C.D. Cal. July 21, 2014) (quoting *Laflamme v. Safeway, Inc.*, No. 3:09-CV-00514, 2010 WL 3522378, at *2 (D. Nev. Sept. 2, 2010)). "In other words, '[a] rebuttal expert report is not the proper place for presenting new arguments.'" *Laflamme*, 3522378, at *2 (interal citations omitted).

### III. MR. SCHOEM'S OPINION REGARDING GREE'S LATE REPORTING SHOULD BE EXCLUDED

Mr. Schoem opines that "Gree should have reported to CPSC significantly earlier than it did and the delay in reporting appears to have been motivated by its financial concerns."[3]

The "late reporting" opinion is inadmissible on three grounds. First, it does not respond to or rebut any of Mr. Stern's opinions, and therefore is improper rebuttal testimony. Second, proffering that Gree reported late to CPSC is an inadmissible legal conclusion. And third, the opinion is not relevant under Federal Rule of Evidence 702 because it does not assist the jury to determine any fact in issue—the jury will not be deciding whether Gree reported late (or for that matter, whether Plaintiffs did).[4]

Mr. Schoem also has a variation on his "late reporting" opinion. He opines that Gree should not have delayed reporting to CPSC due to hiring Exponent.[5] Again, this opinion fails admissibility standards on numerous grounds. First, it does not rebut Mr. Stern, who merely opined that "Gree acted in a manner consistent with best industry safety management practices" in retaining Exponent to conduct root cause analysis.[6] Mr. Stern made no opinion as to the timing of

---

[3] Ex. A (Schoem Report) at 3. Mr. Schoem also improperly makes a legal conclusion on when Gree should have reported: "Gree's obligation to report to CPSC arose as soon as Gree had information reasonably supporting the conclusion that its dehumidifiers contained a defect that could create a substantial product hazard or an unreasonable risk of serious injury or death. . . . Gree had this information when it had information that its dehumidifiers did not meet the UL flame retardancy requirements." This opinion fails for the same reasons that the "late reporting" opinions is inadmissible. *Id.* at 7.

[4] It is worth noting that MJC and Gree submitted *joint* initial and full reports to the CPSC in March and April of 2013.

[5] Ex. A (Schoem Report) at 3.

[6] Ex. B (Stern Report) at 7.

Exponent's retention or the timing of reporting to CPSC. Therefore, Mr. Schoem's "opinion" is not rebuttal testimony. And it is not even factually correct. Gree and MJC *jointly* retained Exponent *after jointly* submitting the initial and full reports to CPSC. Even if Mr. Schoem were correct, the opinion is not relevant to any of the issues that need to be decided by the jury, and is an improper legal conclusion.

The "motivation" opinion is also inadmissible. As with his late reporting opinion, it is not rebuttal testimony and it is not relevant under Rule 702. The opinion is also unreliable under Rule 703 and *Daubert*. It is pure speculation on Mr. Schoem's part that Gree "appears" to have been motivated by financial concerns. If anything, this is attorney argument, not "expert" testimony.

## IV. MR. SCHOEM'S EXPLANATION OF CPSC REGULATIONS SHOULD BE EXCLUDED

In his expert report, Mr. Schoem describes various regulations under the Consumer Product Safety Act (CPSA) and the Consumer Product Safety Improvement Act (CPSIA).[7] He also analyzes reporting obligations to CPSC.[8] For example, he states:

- "The CPSC reporting obligation is not dependent upon whether a firm such as Gree did or did not have the expertise to evaluate the cause of the fires."
- "Indeed, CPSC admonishes firms to err on the side of caution and if in doubt about whether a report is required, report."
- "CPSC also makes clear that a report does not necessarily mean that a recall is required because the obligation to report is broader than the obligation to conduct a product recall."
- "CPSC also interprets the statutory requirement that firms report

---

[7] Ex. A (Schoem Report) at 3-4.

[8] *Id.* at 7.

|   |   |
|---|---|
| 1 | 'immediately:' to mean within 24 hours, after a firm has obtained |
| 2 | information which reasonably supports the conclusion that its product |
| 3 | contains a defect which could create a substantial risk of injury to the |
| 4 | public or creates an unreasonable risk of serious injury or death" |
| 5 | (citing 16 C.F.R. 1115.14(e)). |

- "The CPSC goes on to say that firms can take a reasonable period of time to investigate, generally no more than 10 days, unless a firm can show that a longer period is reasonable."[9]

Mr. Schoem even goes so far as to quote Ninth Circuit case law: "'Information about a *possible* defect triggers the duty to report. . . .'" (citing *United States v. Mirama Enterprises, Inc.*, 387 F. 3d 983 (9th Cir. 2004).

These instructions on the law are improper. *Nationwide Transport Finance*, 523 F.3d at 1058. Moreover, they are irrelevant. This is not a CPSC enforcement action. Nor is this a product liability case. This opinion does not assist the jury in deciding any issue in the case, and should be excluded.

### V.  MR. SCHOEM'S OPINIONS REGARDING PRODUCT DESIGN SHOULD BE EXCLUDED

Mr. Schoem summarizes various sections of the CPSC's Handbook for Manufacturing Safer Consumer Products.[10] In addition to bordering on an instruction of CPSC law, this summary is irrelevant under Rule 702. The jury will not be tasked with deciding anything about the design of the recalled dehumidifiers. This is not a product liability case, and Gree is not disputing that certain of its dehumidifiers needed to be recalled. As recognized by Magistrate Judge Woehrle, "[t]he design, . . . really doesn't seem to be what this case is about. I mean, there's

---

[9] Ex. A at 7-8. The list of legal summaries goes on at length, and thus only select examples are excerpted.

[10] *Id*. at 4.

been a recall. That's happened. Everything about the design it seems to me is kind of water under the bridge. And that's not the focus of the litigation."[11] Mr. Schoem's summary regarding product design should be excluded.

### VI. MR. SCHOEM'S CHRONOLOGY OF EVENTS LEADING UP TO THE RECALL SHOULD BE EXCLUDED

Mr. Schoem has no first-hand knowledge of the events leading up to the recall, yet his expert report attempts to formulate such a chronology.[12] Since Mr. Stern did not opine upon this subject, it is improper rebuttal testimony. Moreover, Mr. Schoem's review of deposition testimony and various documents does not require any expert knowledge, and does not assist the trier-of-fact in any way. Nor do Plaintiffs need Mr. Schoem to summarize this evidence, as Plaintiffs may introduce it directly through deposition and live fact witness testimony. Mr. Schoem's chronology testimony should be excluded.

### VII. CONCLUSION

For all of the foregoing reasons, Mr. Schoem's testimony, as reflected in his expert report, should be excluded. Gree expects to supplement this motion after the deposition of Mr. Schoem on March 25, 2015.

---

[11] Ex. C (Nov. 12, 2014 Hearing Transcript at 42).)

[12] Ex. A (Schoem Report) at 5-7.

Dated: March 17, 2015          MORRISON & FOERSTER LLP


                               By:     /s/ Mark C. Zebrowski
                                     Mark C. Zebrowski

                                   Attorneys for Defendants and Counterclaimants

                                   Gree Electric Appliances, Inc. of Zhuhai
                                   and Hong Kong Gree Electric Appliances
                                   Sales Ltd.