1  NEAL R. MARDER (SBN: 126879)
   nmarder@winston.com
2  ALI R. RABBANI (SBN: 253730)
   arabbani@winston.com
3  IAN C. EISNER (SBN: 254490)
   ieisner@winston.com
4  **WINSTON & STRAWN LLP**
   333 S. Grand Avenue
5  Los Angeles, CA 90071-1543
   Telephone:  (213) 615-1700
6  Facsimile:  (213) 615-1750

7  *Attorneys for Plaintiffs and Counter-Defendants*

8  STEPHEN J. ERIGERO (SBN: 121616)
   serigero@rmkb.com
9  TAHEREH MAHMOUDIAN (SBN: 217120)
   tmahmoudian@rmkb.com
10 **ROPERS, MAJESKI, KOHN & BENTLEY**
   445 South Figueroa Street, Suite 3000
11 Los Angeles, CA 9071-1619
   Telephone:  (213) 312-2000
12 Facsimile:  (213) 312-2001

13 *Attorneys for Counter-Defendants*

14 **UNITED STATES DISTRICT COURT**

15 **CENTRAL DISTRICT OF CALIFORNIA**

16 MJC America, Ltd., et al.                      )   Case No. 13-CV-04264-SJO (CWx)
                                                  )
17           Plaintiffs,                          )   **PLAINTIFFS AND COUNTER-**
                                                  )   **DEFENDANTS' OPPOSITION TO**
18      vs.                                       )   **GREE ELECTRIC APPLIANCES,**
                                                  )   **INC. OF ZHUHAI AND HONG**
19 Gree Electric Appliances, Inc. of Zhuhai,      )   **KONG GREE ELECTRIC**
   et al.,                                        )   **APPLIANCES SALES LTD.'S**
20                                                )   **MOTION *IN LIMINE* NO. 3 TO**
             Defendants,                          )   **EXCLUDE OR LIMIT THE**
21                                                )   **TESTIMONY OF ALAN SCHOEM**
   and                                            )
22                                                )   Date:   April 21, 2015
   Gree USA, Inc.,                                )   Time:   9:00 a.m.
23                                                )   Place:  Courtroom 1
             Nominal Defendant.                   )   Judge:  Hon. S. James Otero
24                                                )
                                                  )   Complaint Filed:  June 13, 2013
25 _____ )

26

27

28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

**Winston & Strawn LLP**
**333 S. Grand Avenue**
**Los Angeles, CA 90071-1543**

1  Gree Electric Appliances, Inc. of Zhuhai, )
   et al.,                                   )
2                                            )
            Counterclaimants,                )
3                                            )
        vs.                                  )
4                                            )
   MJC America Holdings Co., Inc., et al.,   )
5                                            )
            Counterdefendants,               )
6                                            )
   and                                       )
7                                            )
   Gree USA, Inc.,                           )
8                                            )
            Nominal Defendant.               )
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS AND COUNTER-DEFENDANTS' OPP. TO GREE ELECTRIC APPLIANCES, INC. OF ZHUHAI & HONG KONG GREE ELECTRIC APPLIANCES SALES LTD.'S MOT. IN LIMINE NO. 3 TO EXCLUDE OR LIMIT THE TESTIMONY OF ALAN SCHOEM

## I.  INTRODUCTION

The report of the expert for Plaintiffs and Counter Defendants MJC America, Ltd., dba Soleus International Inc.; MJC America Holdings Co., Inc.; MJC Supply, LLC, Charley Loh, Jimmy Loh, and Simon Chu (collectively, the "MJC Entities"), Alan Schoem, is a proper rebuttal of the report proffered by Richard Stern, expert for Defendants and Counterclaimants Gree Electric Appliances, Inc. of Zhuhai and Hong Kong Gree Electric Appliances Sales Ltd. (jointly, "Gree").

As Mr. Schoem states in his report, Mr. Stern's expert report cherry-picks from the myriad facts relevant to Gree's actions surrounding the investigation, reporting, and recall of the subject dehumidifiers in supporting his opinion that Gree acted "in a manner consistent with best industry safety management practices."  In his report, Mr. Schoem simply includes the evidence that Mr. Stern omitted from his report concerning: (1) what the "best industry safety management practices" actually are, and (2) whether Gree complied with these practices.  Now that Mr. Stern has opened the door to this evidence with his opinions, Gree is now trying to shield the jury from any additional probative evidence outside of his report.  This cannot be allowed, as the jury is entitled to consider all of the relevant evidence, not just that which Mr. Stern believes supports his views.

The opinions in Mr. Schoem's report concern the same subject matter as Mr. Stern's, they are not opinions on ultimate issues of law, and they are plainly relevant to this proceeding.  As such, they are valid expert opinions under the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

In any event, Gree's motion is premature.  It is not yet even clear whether Mr. Stern will even testify at the trial and, if he will, what the scope of his testimony will be.  The Court should withhold judgment until this is determined and MJC has been given the opportunity to proffer the scope of Mr. Schoem's rebuttal to Mr. Stern's testimony.

1

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1    Accordingly, Gree's motion to exclude or limit Mr. Schoem's testimony is

2  baseless and must be denied.

3  **II.    MR. SCHOEM'S OPINION REGARDING GREE'S LATE REPORTING**

4         **IS PROPER**

5         Gree's attacks on Mr. Schoem's opinion regarding Gree's failure to properly

6  investigate and report the defective dehumidifiers to the U.S. Consumer Product

7  Safety Commission ("CPSC") are ill-founded, misrepresent his report, and are

8  contrary to applicable authority.  Mr. Schoem's discussion of this issue concerns the

9  same subject matter of Mr. Stern's report, does not constitute an opinion on an

10  ultimate issue of law, and is plainly relevant to the jury's consideration of Mr. Stern's

11  conclusions.  As such, Mr. Schoem's testimony consistent with his report is proper

12  under the law and the Court should not preclude it from being shared with the jury in

13  rebuttal to Mr. Stern's testimony.

14         **A.    Mr. Schoem Directly Rebuts Mr. Stern's Opinions**

15         Mr. Schoem's opinion that Gree should have reported the defective

16  dehumidifiers to CPSC "significantly earlier than it did" is a proper rebuttal to Mr.

17  Stern's opinion that Gree's actions regarding the investigation and recall of the

18  product were "consistent with best industry safety management practices."[1]  It

19  concerns the same subject matter as Mr. Stern's opinions—these "best industry

20  practices" in dealing with the CPSC and investigating the defect.  Mr. Stern has

21  opened the door to evidence of what these standards are and whether Gree has met

22  them, and this is precisely the evidence Mr. Schoem presents in his report.

23         A rebuttal expert is "free to support his opinions with evidence not cited in [the

24  initial] reports" without violating Federal Rule of Civil Procedure ("FRCP")

25  26(a)(2)(D)(ii) "so long as he rebuts the 'same subject matter' identified in those

26

27  ───────────────
[1] Ex. A to Gree's Motion (Schoem Report) at 3; Ex. B to Gree's Motion (Stern
28  Report) at 1-2.

2

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

**Winston & Strawn LLP**
**333 S. Grand Avenue**
**Los Angeles, CA 90071-1543**

1  reports."[2] *MMI Realty Servs., Inc. v. Westchester Surplus Lines Ins. Co.*, No. 07-

2  00466 BMK, 2009 WL 649894, *2 (D. Haw. Mar. 10, 2009); *see also Kirola v. City*

3  *& Cnty. of S.F.*, No. C-07-3685 SBA (EMC), 2010 WL 373817, *2 (N.D. Cal. Jan. 29,

4  2010) ("As a general matter, courts have permitted additional data to be used in a

5  rebuttal report so long as it is of the same subject matter. . . . Rebuttal disclosure is

6  not automatically excluded solely because it includes evidence that was absent in the

7  original expert disclosure."); *Viera v. City of El Monte*, No. CV 04-06082 MMM

8  (Rzx), 2006 WL 6626761, *8 (C.D. Cal. May 2, 2006).

9          As Mr. Schoem states in his report, "Mr. Stern's analysis starts in the middle of

10  the chronicle of Gree's dehumidifier issues rather than at the beginning."[3] Mr.

11  Schoem's rebuttal should not be hamstrung by the fact that Mr. Stern left out key facts

12  in his report, as this would severely hamper his ability to fully explain his

13  disagreement with Mr. Stern's opinions. His discussion of Gree's reporting delays is

14  "of the same subject matter" as Mr. Stern's report—whether Gree "acted in a manner

15  consistent with best industry safety management practices."[4] Mr. Schoem directly

16  rebuts Mr. Stern's opinions that Gree acted consistent with best industry safety

17  practices in hiring Exponent and Stericycle and cooperating with CPSC by illustrating

18  that these practices entailed doing these much earlier than Gree did, pursuant to CPSC

19  requirements.[5] This opinion is therefore proper rebuttal testimony.

20

21  [2] Indeed, even the cases cited by Gree support a rebuttal expert's right to cite to
evidence not cited by the initial expert. *Farris v. Int'l Paper Co.*, No. 5:13-cv-00485-
22  CAS, 2014 U.S. Dist. LEXIS 100216 (C.D. Cal. July 21, 2014) ("While Locker cites
to legal authority in his report that is not present in Crandall's, the two reports
23  nonetheless concern the 'same subject matter.'"); *Laflamme v. Safeway, Inc.*, No.
3:09-cv-00514-ECR-VPC, 2010 WL 3522378, *3-4 (D. Nev. Sept. 2, 2010) (denying
24  motion to strike designation of rebuttal witness).
[3] Ex. A (Schoem Report) at 5.
25  [4] Ex. B (Stern Report) at 1-2, 5-6.
[5] Ex. A (Schoem Report) at 5-6 ("Gree's decision to hire Exponent to replicate its
26  dehumidifier failures and evaluate its safety compliance programs and Stericycle to
serve as a recall logistics provider appears to have occurred significantly later in time
27  than was reasonable") & 8 ("If as Mr. Stern states, Gree acted responsibly in retaining
Exponent to assist in evaluating its dehumidifiers, in my opinion Gree should not have
28  waited nine months to do so.").

### B.   Mr. Schoem Does Not Give a Legal Opinion on Ultimate Issues

While Mr. Schoem does couch his discussion of Gree's untimely reporting in some legal terms, discussing the CPSC reporting requirements generally, Gree is wrong that this renders his opinion inadmissible.  Mr. Schoem's opinion does not invade the province of the court to instruct the jury on ultimate issues of law, and it does not run afoul of the Federal Rules of Evidence.  By explaining the CPSC reporting requirements, Mr. Schoem is simply clarifying the best industry safety management practices to rebut Mr. Stern's opinion that Gree acted consistently with them.

Courts in this circuit have consistently held that "a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004).  Also, while an expert witness may not give "an opinion on an ultimate issue of law," he "may offer a legal opinion about an issue that is ancillary to the ultimate issue in the case." *Cotton v. City of Eureka, Cal.*, No. C 08-04386 SBA, 2010 WL 5154945, *18 (N.D. Cal. Dec. 14, 2010) (citing *Hangarter*, 373 F.3d at 1017); *see also Teleflex Med. Inc. v. Nat'l Union Fire Ins. Co.*, No 11cv1282-WQH-DHB, 2014 WL 3671309, *8 (S.D. Cal. July 22, 2014); *Leeds LP v. United States*, No. 08CV100 BTM (BLM), 2010 WL 3911429, *1-2 (S.D. Cal. Oct. 5, 2010) (noting that the testimony "does not improperly tell the fact-finder what result to reach").

As Gree states in its motion, this is not a products liability or CPSC enforcement action, so whether or not Gree timely reported to CPSC is not an ultimate issue of law in this case.[6]  Mr. Schoem merely rebuts Mr. Stern's assertion that Gree "acted in a manner consistent with best industry safety management practices"—an ancillary factual issue—by explaining what those practices actually are and why Gree

---

[6] Gree's Memorandum of Points & Authorities at 2.

4

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  did not comply with them, albeit "couched in legal terms." *Hangarter*, 373 F.3d at

2  1017.  Thus, Mr. Schoem's discussion of CPSC's reporting requirements is not an

3  impermissible legal opinion.

### C.    Mr. Schoem's Discussion of Gree's Late Reporting Is Relevant

5  As discussed above, Mr. Schoem's opinions regarding Gree's failure to timely

6  report the defective dehumidifiers to CPSC rebut Mr. Stern's conclusion that Gree

7  complied with best industry safety practices by explaining what these practices

8  actually are—timely reporting to CPSC, immediate testing, and prompt recalls, among

9  other things—and how Gree failed to comply with them.  The discussion of Gree's

10  late reporting is thus directly relevant to the issue of Gree's conduct as it relates to the

11  defective dehumidifiers under Federal Rule of Evidence 702, as it will help the jury to

12  understand the evidence related to this issue and to evaluate Mr. Stern's opinions.[7]

13  Mr. Schoem's statement about the financial motivation for Gree's delayed

14  reporting is relevant and proper as well, for the same reasons.[8]  Mr. Schoem is not

15  coming to his own conclusion about Gree's motivation for its late reporting to CPSC,

16  but rather he is merely taking into account Gree's *own admissions* that financial

17  concerns drove its actions to come to the conclusion that Gree's actions are nowhere

18  close to consistent with best industry safety practices.[9]

### III.   MR. SCHOEM'S EXPLANATION OF CPSC REGULATIONS IS PROPER

21  For the same reasons as outlined in Section II, *supra*, Mr. Schoem's discussion

---

[7] Gree's characterization of Mr. Schoem's opinion as "Gree should not have delayed reporting to CPSC due to hiring Exponent," which it dismisses as "not even factually correct," misconstrues Mr. Schoem's report.  Gree's Memo. of Points & Auth. at 4-5. In reality, Mr. Schoem opines that Gree's retention of Exponent does not excuse its earlier failure to timely report the defect to CPSC, as is clear in the context of his report.  Ex. A (Schoem Report) at 5 ("Gree's decision to hire Exponent to replicate its dehumidifier failures and evaluate its safety compliance programs . . . appears to have occurred significantly later in time than was reasonable; and it did not affect Gree's responsibility to report its dehumidifier fires to CPSC immediately.").
[8] Ex. A (Schoem Report) at 7.
[9] Ex. A (Schoem Report) at 7 (citing to Gree's admissions in Plaintiff's Exhibits 5, 8, 13 to the Huang Hui Deposition and Exhibit 7 to the Yao Gang Deposition).

5

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  of the CPSC regulations about defect reporting is within the scope of proper expert

2  opinion rebutting Mr. Stern's report, and Gree's attempt to exclude it must be rejected.

3       Discussion of CPSC regulations is necessary to fully explain what the industry

4  standard is to effectively rebut Mr. Stern's opinions on the topic.  Mr. Schoem

5  disputes Mr. Stern's characterization of "best industry safety management practices,"

6  and to best present his rebuttal, he must be able to explicate what, in his opinion, these

7  best practices actually are, i.e., compliance with CPSC regulations.  Mr. Schoem's

8  discussion of these regulations is thus relevant to the issue first presented by Mr. Stern

9  regarding these practices, and it will surely assist the jury in evaluating the merits of

10  Mr. Stern's opinions.

11       Again, this is not an opinion on an ultimate issue of law in this case.  Rather,

12  Mr. Schoem is simply couching his discussion of the ancillary factual issue of whether

13  Gree acted in a matter consistent with best industry practices in legal terms, since

14  these regulations are what help define the best industry practices.  *See Hangarter*, 373

15  F.3d at 1017; *Teleflex Medical*, 2014 WL 3671309, at *8; *Cotton*, 2010 WL 5154945,

16  at *18; *Leeds LP*, 2010 WL 3911429, at *1.  Accordingly, Mr. Schoem's reference to

17  CPSC regulations is entirely proper.

18  **IV.**    **MR. SCHOEM'S OPINIONS REGARDING PRODUCT DESIGN**

19         **STANDARDS IS PROPER**

20       Mr. Schoem's discussion of the basic tenet of product safety testing and design,

21  as well as CPSC's explanation of this tenet in its Handbook, is also directly relevant to

22  the definition of the "best industry safety management practices" with which Mr.

23  Stern purports Gree complied.[10]  Contrary to Gree's misrepresentation of Mr.

24  Schoem's expert rebuttal report, Mr. Schoem is not opining on whether the design of

25  Gree's dehumidifiers was defective—this point is uncontested in the affirmative, as

26  Gree admits.  Rather, as he explains, "In designing a product, a manufacturer should

27

28    [10] Ex. A (Schoem Report) at 4-5.

6

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1    conduct a foreseeable use analysis," and "Changes in design, production and

2    distribution must be subject to control, be made matters of record, and be incorporated

3    into all documentation affecting the product," among other things.[11]  This is an

4    explanation of the best industry practices regarding testing and development, which

5    Mr. Schoem opines Gree did not act consistently with.  As such, it too is relevant to

6    the jury in evaluating Mr. Stern's conclusions and therefore meets the requirements of

7    Federal Rule of Evidence 702.

8    **V.    MR. SCHOEM'S CHRONOLOGY OF EVENTS PROVIDES**

9    **APPROPRIATE BACKGROUND FOR HIS OPINIONS**

10        Mr. Schoem's discussion of the chronology of Gree's failure to properly

11   investigate and report the hazards with the dehumidifiers at issue in this case provides

12   the context for his opinions rebutting Mr. Stern's report, and it should not be

13   excluded.  It is common sense that an expert's opinions must be based on the relevant

14   facts, and this case is no different.  Mr. Stern limits his discussion of the facts to only

15   those that took place in 2013 and 2014; however, as Mr. Schoem asserts, a more

16   robust investigation of all of the facts going back to 2010 is necessary to determine the

17   reasonableness of Gree's actions.  Gree opened the door to evidence concerning its

18   actions in investigating the dehumidifiers and reporting them to CPSC, and Mr.

19   Schoem's chronology easily fits through that door.

20        As stated in Section II, *supra*, Mr. Schoem is not confined to the facts presented

21   by Mr. Stern.  *See MMI Realty*, 2009 WL 649894, at *2; *Kirola*, 2010 WL 373817, at

22   *2; *Viera*, 2006 WL 6626761, at *8.  Perhaps because Mr. Stern was not made privy

23   to these facts or because they did not support his conclusion that Gree acted

24   responsibly, he did not discuss Gree's actions in 2010-2012, but this does not preclude

25   Mr. Schoem from referencing them as evidence for his rebuttal of Mr. Stern's general

26   conclusions about Gree's actions in the context of best industry standards.  Mr.

27

28   [11] Ex. A (Schoem Report) at 4.

7

**Winston & Strawn LLP**
**333 S. Grand Avenue**
**Los Angeles, CA 90071-1543**

1    Schoem cites to these facts to support his opinions, which deal with the same subject

2    matter as Mr. Stern's, and they are thus appropriately discussed in his report.

3    **VI.    CONCLUSION**

4          For the foregoing reasons, Mr. Schoem's testimony, as reflected in the expert

5    report, complies with the requirements of Federal Rule of Civil Procedure 26 and the

6    Federal Rules of Evidence.  Accordingly, Gree's motion to exclude his testimony is

7    without merit and must be rejected.

8

9    Dated:  March 24, 2015                    WINSTON & STRAWN LLP

10                                             By:  */s/ Ali R. Rabbani*
11                                                  NEAL R. MARDER
                                                    ALI R. RABBANI
12                                                  IAN C. EISNER
                                                    Attorneys for Plaintiffs and Counter-
13                                                  Defendants MJC America, Ltd., dba
                                                    Soleus International Inc.; MJC America
14                                                  Holdings Co., Inc. and MJC Supply, LLC;
                                                    and Counter-Defendants Charley Loh,
15                                                  Jimmy Loh, and Simon Chu

16
     Dated:  March 24, 2015                    ROPERS, MAJESKI, KOHN & BENTLEY
17
                                               By:  */s/ Tahereh Mahmoudian*
18                                                  STEPHEN J. ERIGERO
                                                    TAHEREH MAHMOUDIAN
19                                                  Attorneys for Counter-Defendants MJC
                                                    America, Ltd., dba Soleus International
20                                                  Inc.; MJC America Holdings Co., Inc.;
                                                    MJC Supply, LLC; Charley Loh; Jimmy
21                                                  Loh; and Simon Chu

22

23

24

25

26

27

28
                                              8