1   MARK C. ZEBROWSKI (CA SBN 110175)
    MZebrowski@mofo.com
2   ELLEN NUDELMAN ADLER (CA SBN 235534)
    EAdler@mofo.com
3   JOANNA L. SIMON (CA SBN 272593)
    JoannaSimon@mofo.com
4   MORRISON & FOERSTER LLP
    12531 High Bluff Drive
5   San Diego, California  92130-2040
    Telephone: 858.720.5100
6   Facsimile: 858.720.5125

7   Attorneys for Defendants and Counterclaimants
    GREE ELECTRIC APPLIANCES, INC.
8   OF ZHUHAI and HONG KONG GREE
    ELECTRIC APPLIANCES SALES LTD.
9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 12   MJC America, Ltd. dba Soleus International, Inc. and MJC America Holdings Co., Inc., and MJC Supply, LLC, | Case No. 2:13-cv-04264-SJO-(CWx) |
| 13 | |
| 14              Plaintiffs, | **GREE ELECTRIC APPLIANCES, INC. OF ZHUHAI AND HONG KONG GREE ELECTRIC APPLIANCES SALES LTD.'S REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 3 TO EXCLUDE OR LIMIT THE TESTIMONY OF ALAN SCHOEM** |
| 15        vs. | |
| 16   Gree Electric Appliances, Inc. of Zhuhai and Hong Kong Gree Electric Appliances Sales Ltd., and Does 1 through 10, inclusive, | |
| 17 | |
| 18 | The Honorable S. James Otero |
| 19              Defendants, | Date:      April 21, 2015 |
| 20        and | Time:      9:00 a.m. Ctrm:      1 – 2nd Floor |
| 21   Gree USA, Inc., a California corporation, | |
| 22 | Complaint filed:  June 13, 2013 |
| 23              Nominal Defendant. | |

24

25

26

27

28

1  Gree Electric Appliances, Inc. of
   Zhuhai and Hong Kong Gree Electric
2  Appliances Sales Ltd.,

3                    Counterclaimants,

4  vs.

5  MJC America Holdings Co., Inc., MJC
   Supply, LLC, Charley Loh, Jimmy Loh,
6  and Simon Chu, and Does 11-20,
   inclusive,
7
                     Counterdefendants,
8
   and
9
   Gree USA, Inc., a California
10 corporation,

11                   Nominal Defendant.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREE REPLY ISO MIL NO. 3 TO EXCLUDE OR
LIMIT THE TESTIMONY OF ALAN SCHOEM

Defendants Gree Electric Appliances, Inc. of Zhuhai and Hong Kong Gree Electric Appliances Sales Ltd. (collectively, "Gree") hereby submit this reply in support of their motion *in limine* for an order excluding or limiting the testimony of Plaintiffs' CPSC expert, Alan Schoem.

## I. MR. SCHOEM'S OPINIONS REGARDING GREE'S LATE REPORTING AND EXPLANATION OF THE RELATED STANDARDS AND REGULATIONS ARE IMPROPER

Mr. Schoem makes no less than six opinions regarding late reporting—even though this is neither a product liability case nor a CPSC enforcement action. Each of the six is inadmissible. First, Mr. Schoem makes an incomplete statement of law excerpted from 15 U.S.C. § 2064(b), the "black letter law" that sets out the CPSC reporting standard. This is an improper instruction on the law. Second and third, he characterizes facts about the late reporting, which does not aid the trier of fact. Fourth, he opines that the reporting requirement is not dependent on establishing root cause, which is a legal opinion. Fifth and sixth, he applies the facts to the law to opine that hiring Exponent was not a reason to delay reporting to CPSC and that Gree's reporting to CPSC was untimely. These are also improper legal opinions. None of these opinions rebut anything in Mr. Stern's report, and all should be excluded.

### A. Late Reporting Opinion No. 1 Is Inadmissible

Mr. Schoem's first late reporting opinion, the excerpt from 15 U.S.C. § 2064(b),[1] admittedly is "black letter law."[2]  Mr. Schoem testified that if he were

---

[1] Decl. of Mark Zebrowski ("Zebrowski Decl.") (Ex. D (Schoem Rough Tr.) at 30:3-31:19). The opinion in its entirety is: "Manufacturers are required to report to CPSC immediately if they obtain information reasonably supporting the conclusion that a product number one has a defect that could create a substantial product hazard, or number two, creates an unreasonable risk of serious injury or death." *Id.* (Ex. D at 30:3-23).

[2] Zebrowski Decl. (Ex. D at 31:1-4). Mr. Schoem's multiple statements relating to the timeliness of Gree's reporting are not "facts . . . couched in legal terms[,]" as MJC alleges, but are improper naked legal opinions based on Mr. Schoem's interpretation of CPSC regulations. *Hangarter v. Provident Life & Acc.*

(Footnote continues on next page.)

1    permitted to relay this to the jury, he "would be instructing the jury on the law" or

2    "reading what the law is."[3]  Mr. Schoem agrees, as he should, that it is not his job to

3    "read the law" to the jury.

4         Mr. Schoem's first late reporting opinion suffers from another flaw—it is not

5    a rebuttal to anything Mr. Stern says.  Mr. Schoem tries to tie his statement of the

6    reporting law to Mr. Stern's opinion that Gree cooperated with CPSC on

7    negotiating the recall,[4] but reporting and recalling are like apples and oranges, not

8    the "same subject matter" as MJC argues.  Mr. Schoem admits that this opinion is

9    "tangential[]" to Mr. Stern's opinions, which do not discuss 15 U.S.C. § 2064(b).[5]

10   Tangential opinions from a rebuttal expert, especially on a topic like late reporting

11   in a case such as this—*i.e.*, one that is not a product liability case or a CPSC

12   enforcement action—should be excluded as irrelevant and improper.

13              **B.    Late Reporting Opinion No. 2 Is Inadmissible**

14        Mr. Schoem's second opinion is that "as early as mid-July 2012, MJC

15   provided Gree with information about dehumidifier[s] spontaneously igniting."[6]

16   Mr. Schoem did not investigate these incidents but merely read some documents

17   describing them.[7]  Mr. Schoem admitted this opinion is "simply parroting and then

18   characterizing a fact that is not in dispute."[8]  This is not an opinion that aids the

19   trier of fact under the meaning of Federal Rule of Evidence 702.  Mr. Schoem also

20

21

22   _____

     (Footnote continued from previous page.)

23   *Ins. Co.*, 373 F.3d 998, 1017 (9th. Cir. 2004) (internal quotations omitted); *see*
     *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1052-53 (9th. Cir. 2012) (an

24   expert may not testify to "improper legal conclusions and opinions regarding
     government regulations and policies").

25        [3] Zebrowski Decl. (Ex. D at 32:25-33:11).
          [4] *Id.* (Ex. D at 34:6-19).

26        [5] *Id.* (Ex. D at 34:6-22).
          [6] *Id.* (Ex. D at 34:23-35:4).

27        [7] *Id.* (Ex D at 35:22-25).
          [8] *Id.* (Ex. D at 37:2-6).

28

1  admits that this opinion is tangential and does not directly rebut anything in

2  Mr. Stern's report.[9]

3  **C.    Late Reporting Opinion No. 3 Is Inadmissible**

4  Mr. Schoem's third opinion is that "MJC provided Gree test data

5  documenting that [its] dehumidifiers didn't meet requirement[s] for flame

6  retardancy and correspond with and met with Gree representative[s] in that

7  September 2012 [meeting] to urge them to report to CPSC."[10]  Again, Mr. Schoem

8  admits he is characterizing facts—which is not necessary for or helpful to the jury

9  under Rule 702—and that the opinion is tangential and does not directly rebut

10  anything in Mr. Stern's report.[11]

11  **D.    Late Reporting Opinion No. 4 Is Inadmissible**

12  Mr. Schoem's fourth opinion is that "the CPSC reporting requirement is not

13  dependent upon a firm establishing the root cause of a safety problem."[12]  Once

14  again, Mr. Schoem admits that this opinion is "black letter law."[13]  He quibbles that

15  he would not be instructing the jury on CPSC law, but rather "giving [his] expert

16  opinion on what the law says."[14]  Put another way, Mr. Schoem testified that he was

17  offering "an interpretation of the statute as reflected by the commission in its

18  interpretive rules."[15]  This type of legal opinion is not admissible.  It is also not

19  rebuttal testimony.  Mr. Schoem admits that Mr. Stern did not say it was correct to

20  find the root cause before reporting to CPSC.[16]  At best, Mr. Schoem argues that his

21  opinion "rebuts the general tenor" of Mr. Stern's report that is "commending Gree

22  for everything they have done."[17]

23

24  [9] *Id.* (Ex. D at 41:17-24).
[10] *Id.* (Ex. D at 41:25-42:7).

25  [11] *Id.* (Ex. D at 43:9-18; 60:3-10).
[12] *Id.* (Ex. D at 60:18-23).

26  [13] *Id.* (Ex. D at 61:1-2).
[14] *Id.* (Ex. D at 61:16-19).

27  [15] *Id.* (Ex. D at 62:18-24).
[16] *Id.* (Ex. D at 64:14-22).

28  [17] *Id.* (Ex. D at 64:7-13).

### E.     Late Reporting Opinion No. 5 Is Inadmissible

On the fifth late reporting opinion, that hiring Exponent to evaluate its dehumidifiers was not a reason to delay reporting to CPSC,[18] Mr. Schoem admitted that he was making a conclusion by applying the facts to the law.[19]  As an attorney, Mr. Schoem agreed that the application of facts to the law "can" be a legal opinion, and that experts cannot testify with legal opinions or conclusions.[20]  As to how his opinion rebuts anything that Mr. Stern says in his report, Mr. Schoem again resorts to his general tenor argument.[21] This is just not good enough.

### F.     Late Reporting Opinion No. 6 Is Inadmissible

Finally, Mr. Schoem's sixth opinion on late reporting is that because its dehumidifiers spontaneously ignited and didn't meet UL retardant requirements, Gree should have reported to CPSC significantly earlier than it did and the delay and reporting appears to have been motivated by its financial concerns.[22] Mr. Schoem again is applying facts to law, a clear legal conclusion that should be left to the jury, not the expert, to decide.  In fact, Mr. Schoem agrees that a lay juror could make the late reporting determination and the financial motivation determinations (even though these are not issues that this jury needs to decide).[23] Mr. Schoem admits that Mr. Stern has no opinion on late reporting, and cannot point to anything specific that he is rebutting with this opinion; rather, he again points again to the general tenor of Mr. Stern's report.[24]

Thus, there are multiple grounds to exclude Mr. Schoem's six opinions relating to late reporting.

---

[18] *Id*. (Ex. D at 72:18-24).
[19] *Id*. (Ex. D at 73:12-15).
[20] *Id*. (Ex. D at 74:12-21).
[21] *Id*. (Ex. D at 74:22-75:10).
[22] *Id*. (Ex. D at 72:18-77:15).
[23] *Id*. (Ex. D at 81:9-13; 95:20-24).
[24] *Id*. (Ex. D at 92:14-94:9).

1
2

## II.   MR. SCHOEM'S OPINIONS REGARDING PRODUCT DESIGN STANDARDS ARE NOT PROPER

3  Mr. Schoem's discussion of product design standards is not germane to

4  Mr. Stern's report.  Mr. Stern makes no opinion concerning product design

5  standards generally, or Gree's specific product design standards for dehumidifiers.

6  In any event, Mr. Schoem admits that he has "no expertise" in product design.[25]  He

7  further admits he has no engineering background.[26]  Thus, he does not have

8  "expert" opinions to offer in this area.

9  ## III.   MR. SCHOEM'S CHRONOLOGY IS NOT ADMISSIBLE

10  Mr. Schoem's chronology is inadmissible because it does not aid the trier of

11  fact in understanding the facts at issue.  Mr. Schoem admitted that the jury does not

12  need him to summarize the facts to come to its own chronology of what happened.[27]

13  Thus, under Rule 702, Mr. Schoem should not be permitted to provide his

14  chronology to the jury.

15  ## IV.   CONCLUSION

16  For all of the foregoing reasons, Mr. Schoem's testimony, as reflected in his

17  expert report, should be excluded.

18
19  Dated:  March 31, 2015          MORRISON & FOERSTER LLP

20
21          By:      /s/ Mark C. Zebrowski
                Mark C. Zebrowski

22          Attorneys for Defendants and Counterclaimants
23          GREE ELECTRIC APPLIANCES, INC. OF
            ZHUHAI AND HONG KONG GREE
24          ELECTRIC APPLIANCES SALES LTD.

25
26
_____
27  [25] *Id.* (Ex. D at 21:23-25).
    [26] *Id.* (Ex. D at 21:20-22).
28  [27] *Id.* (Ex. D at 98:10-17).