# EXHIBIT A

| | |
|---|---|
| 1 | NEAL R. MARDER (SBN: 126879) |
|  | nmarder@winston.com |
| 2 | ALI R. RABBANI (SBN: 253730) |
|  | arabbani@winston.com |
| 3 | IAN C. EISNER (SBN: 254490) |
|  | ieisner@winston.com |
| 4 | **WINSTON & STRAWN LLP** |
|  | 333 S. Grand Avenue |
| 5 | Los Angeles, CA 90071-1543 |
|  | Telephone: (213) 615-1700 |
| 6 | Facsimile: (213) 615-1750 |

*Attorneys for Plaintiffs and Counter-Defendants*

STEPHEN J. ERIGERO (SBN: 121616)
serigero@rmkb.com
TAHEREH MAHMOUDIAN (SBN: 217120)
tmahmoudian@rmkb.com
**ROPERS, MAJESKI, KOHN & BENTLEY**
445 South Figueroa Street, Suite 3000
Los Angeles, CA 9071-1619
Telephone: (213) 312-2000
Facsimile: (213) 312-2001

*Attorneys for Counter-Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MJC America, Ltd., et al.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>Gree Electric Appliances, Inc. of Zhuhai, et al.,<br><br>　　　　Defendants,<br><br>and<br><br>Gree USA, Inc.,<br><br>　　　　Nominal Defendant. | Case No. 13-CV-04264-SJO (CWx)<br><br>**PLAINTIFFS AND COUNTER-DEFENDANTS' SUR-REPLY IN OPPOSITION TO GREE ELECTRIC APPLIANCES, INC. OF ZHUHAI AND HONG KONG GREE ELECTRIC APPLIANCES SALES LTD.'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE OR LIMIT THE TESTIMONY OF ALAN SCHOEM**<br><br>Date: April 21, 2015<br>Time: 9:00 a.m.<br>Place: Courtroom 1<br>Judge: Hon. S. James Otero<br><br>Complaint Filed: June 13, 2013 |

| | |
|---|---|
| 1 | Gree Electric Appliances, Inc. of Zhuhai, )<br>et al., ) |
| 2 | ) |
| | Counterclaimants, ) |
| 3 | ) |
| | vs. ) |
| 4 | ) |
| | MJC America Holdings Co., Inc., et al., ) |
| 5 | ) |
| | Counterdefendants, ) |
| 6 | ) |
| | and ) |
| 7 | ) |
| | Gree USA, Inc., ) |
| 8 | ) |
| | Nominal Defendant. ) |

The deposition of Alan Schoem, rebuttal expert witness for Plaintiffs and Counter-Defendants (collectively, "MJC"), solidified the arguments made in MJC's Opposition to Gree Electric Appliances, Inc. of Zhuhai and Hong Kong Gree Electric Appliances Sales Ltd.'s (collectively, "Gree") Motion in Limine No. 3 to Exclude or Limit the Testimony of Alan Schoem (ECF No. 168). Mr. Schoem's testimony affirmed that his opinions (1) are not legal opinions on an ultimate issue of law, (2) rebut Gree's expert witness Richard L. Stern's opinions regarding Gree's conduct, and (3) are helpful to assist the trier of fact. As such, Gree's motion to exclude Mr. Schoem's expert rebuttal testimony must be denied.

## I.   MR. SCHOEM'S DEPOSITION TESTIMONY CONFIRMS THAT HIS OPINIONS ARE NOT IMPERMISSIBLE LEGAL CONCLUSIONS

As an initial matter, Gree mischaracterizes the question of whether Gree timely reported to the U.S. Consumer Product Safety Commission ("CPSC") as an ultimate issue of law that will be submitted to the jury.[1] But, as is evident from the pleadings in this case and MJC's discussion in its Opposition, the issue of whether or not Gree timely reported to CPSC is not an ultimate issue of law, but rather an "issue that is ancillary to the ultimate issue in the case." *Cotton v. City of Eureka, Cal.*, No. C 08-04386 SBA, 2010 WL 5154945, at *18 (N.D. Cal. Dec. 14, 2010) (citing *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004)). Thus, any testimony by Mr. Schoem regarding the hypothetical submission of this issue to the jury is completely irrelevant to this Court's analysis of Gree's motion.

In any event, Mr. Schoem testified that his expert opinions are "not per se legal opinions" but rather consist of him "[r]eading the statute and giving [his] opinion based on [his] experience at CPSC and post CPSC" about "reporting obligations."[2] Indeed, Mr. Schoem explained that "you can have a nonlawyer sitting here saying the same thing, that a company should have reported earlier than it did," and that "what

---

[1] *See, e.g.*, Declaration of Mark Zebrowski from Gree's Reply, Ex D (ECF No. 177-2) ("Zebrowski Decl.") at 32:25-33:11, 61:16-:19; Gree's Reply at 1-2, 3.
[2] Declaration of Ali Rabbani ("Rabbani Decl."), Ex. 1 (Schoem Tr.) at 26:24-27:8.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

reporting should be done is a fact issue based on the application of the legal standard."[3] Mr. Schoem's expert opinions are, as he explained in his deposition, helping "to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Hangarter*, 373 F.3d at 1017.

## II. MR. SCHOEM'S DEPOSITION TESTIMONY CONFIRMS THAT HIS OPINIONS REBUT MR. STERN'S OPINIONS

Mr. Schoem explained repeatedly throughout his testimony, under repetitive questioning from Gree's counsel, that "Stern's report is painting a glowing, rosy picture of Gree, and to that extent, I am rebutting this glowing picture that Stern is presenting of Gree."[4] Mr. Schoem's testimony confirms MJC's argument from its Opposition that, while Mr. Schoem does not cite to the exact same evidence as Mr. Stern and discusses issues Mr. Stern did not, this is because he has concluded that Mr. Stern left out relevant evidence and that other factors had to be considered in defining the "best industry safety management practices."[5] Mr. Schoem's opinions are "on the same subject matter" as Mr. Stern's – i.e., whether Gree acted consistently with best industry practices – and thus it is indisputably proper rebuttal testimony. *See Kirola v. City & Cnty. of S.F.*, No. C-07-3685 SBA (EMC), 2010 WL 373817, at *2 (N.D. Cal. Jan. 29, 2010); *Viera v. City of El Monte*, No. CV 04-06082 MMM (Rzx), 2006 WL 6626761, at *8 (C.D. Cal. May 2, 2006).

For example, Mr. Schoem testified that his discussion of Gree's reporting duties rebutted Mr. Stern's opinion that Gree acted consistently with best industry practices

---

[3] Rabbani Decl., Ex. 1 at 86:10-88:2 (the jury "can rely on an expert for opinion as to, in this case, if you're asking about a reporting obligation, whether the facts supported reporting to the commission, which is not necessarily explicit in the Black Letter Law").
[4] Zebrowski Decl., Ex. D at 93:25-94:3.
[5] *See* Rabbani Decl., Ex. 1 at 43:5-44:6 (Stern "says that Gree reportedly had not identified any product safety issues, first of all.  And to say that those issues would not have presented a substantial product hazard necessitating a recall, I just didn't agree with his characterization based on the information that I reviewed."); Zebrowski Decl., Ex. D at 34:9-:19 (Stern "says that [Gree] did the right thing by negotiating a recall what he didn't talk about specifically was whether the report to the commission was timely so tangentially my conclusion goes to his position that they did the right thing by negotiating the commission.  That may have been the right thing but it was delayed in my opinion").

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

in its interactions with CPSC by pointing out that a proper analysis of this would have included whether Gree timely alerted CPSC to the potential product hazard.[6] He explained that his discussion of the CPSC reporting requirements in the context of root cause analysis rebutted Mr. Stern's opinion that Gree acted reasonably in hiring Exponent to do a root cause analysis by disagreeing with Mr. Stern's premise that "you need to do this root cause analysis, perhaps, to determine whether firms should report problems to the commission."[7] And, Mr. Schoem presented a number of examples in his deposition testimony of instances where Gree failed to act in a manner consistent with best industry safety management practices concerning the investigation of potential issues with the defective dehumidifiers.[8]

Simply put, Gree's attempts to discount Mr. Schoem's expert rebuttal opinions because he does not limit himself to the narrow universe of information considered by Mr. Stern misconstrues the requirements of the Federal Rules of Civil Procedure, which provide that a rebuttal expert may discuss the "same subject matter" as the initial expert. Fed. R. Civ. P. 26(a)(2)(D)(ii). As Mr. Schoem explained time and again in his deposition, he did indeed rebut Mr. Stern's opinions regarding the reasonableness of Gree's actions, and he was entitled to rely on evidence outside of Mr. Stern's report to do so.

### III. MR. SCHOEM'S DEPOSITION TESTIMONY CONFIRMS THAT HIS OPINIONS WILL ASSIST THE TRIER OF FACT

Gree's attempts to discount any factual background provided by Mr. Schoem as inadmissible under Federal Rule of Evidence 702 makes no sense and must be rejected. As Mr. Schoem explained, his discussion of the facts is simply "to get some background and context from [his] report, and for the conclusions that [he] reached."[9] Indeed, courts "ask experts to opine on how . . . facts may apply" in a particular case, which is exactly what Mr. Schoem did in laying out the chronology of Gree's actions

---

[6] Zebrowski Decl., Ex. D at 34:9-:19.
[7] Rabbani Decl., Ex. 1 at 68:24-69:11; *see also* Zebrowski Decl., Ex. D at 75:1-:10.
[8] Rabbani Decl., Ex. 1 at 107:18-108:21; 109:5-:8; 110:4-:18.
[9] Zebrowski Decl., Ex. D at 98:4-:9.

3

and other relevant facts with regard to the defective dehumidifiers.[10]

## IV. CONCLUSION

For the foregoing reasons, and those discussed in MJC's Opposition, Mr. Schoem's testimony, as reflected in his expert report and deposition testimony, complies with the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Accordingly, Gree's motion to exclude his testimony is without merit and must be rejected.

Dated:  April 3, 2015

WINSTON & STRAWN LLP

By: */s/ Ali R. Rabbani*
NEAL R. MARDER
ALI R. RABBANI
IAN C. EISNER
Attorneys for Plaintiffs and Counter-Defendants MJC America, Ltd., dba Soleus International Inc.; MJC America Holdings Co., Inc. and MJC Supply, LLC; and Counter-Defendants Charley Loh, Jimmy Loh, and Simon Chu

---

[10] Rabbani Decl., Ex. 1 at 86:25-87:11.

4

SUR-REPLY IN OPP. TO GREE'S MOT. IN LIMINE NO. 3 TO EXCLUDE OR LIMIT THE TESTIMONY OF ALAN SCHOEM