NEAL R. MARDER (SBN: 126879)
nmarder@winston.com
ALI R. RABBANI (SBN: 253730)
arabbani@winston.com
IAN C. EISNER (SBN: 254490)
ieisner@winston.com
DREW A. ROBERTSON (SBN: 266317)
darobertson@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750

*Attorneys for Plaintiffs and Counter-Defendants*

STEPHEN J. ERIGERO (SBN: 121616)
serigero@rmkb.com
TAHEREH MAHMOUDIAN (SBN: 217120)
tmahmoudian@rmkb.com
**ROPERS, MAJESKI, KOHN & BENTLEY**
445 South Figueroa Street, Suite 3000
Los Angeles, CA 9071-1619
Telephone:  (213) 312-2000
Facsimile:   (213) 312-2001

*Attorneys for Counter-Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MJC America, Ltd., et al.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>Gree Electric Appliances, Inc. of Zhuhai, et al.,<br><br>　　　　Defendants.<br><br>and<br><br>Gree USA, Inc.,<br><br>　　　　Nominal Defendant. | Case No. 13-CV-04264-SJO (CWx)<br><br>**OBJECTIONS TO THE EXPERT TESTIMONY OF RICHARD L. STERN**<br><br>Hon. S. James Otero<br><br>Complaint Filed:　June 13, 2013<br>Trial Date:　　　April 28, 2015 |

| | |
|---|---|
| 1 | Gree Electric Appliances, Inc. of Zhuhai, et al., )<br>) |
| 2 | ) |
| 3 | Counterclaimants, ) |
| | ) |
| 4 | vs. ) |
| | ) |
| 5 | MJC America Holdings Co., Inc., et al., ) |
| 6 | Counterdefendants, ) |
| | ) |
| 7 | and ) |
| | ) |
| 8 | Gree USA, Inc., ) |
| | ) |
| 9 | Nominal Defendant. ) |

MJC hereby submits objections to the testimony of Gree's designated expert witness Richard L. Stern at trial, as it relates to Opinions 2, 3, and 4 in his February 5, 2015 expert report. Mr. Stern's anticipated testimony based on these portions of his report is not relevant to the case and is unduly prejudicial and a waste of time. These opinions do not relate to issues actually in controversy in this case, but rather merely serve as corporate character evidence for Gree. Now that MJC's affirmative case is coming to an end, it has become even more clear that these opinions are simply not responsive to any of MJC's factual or legal arguments. This testimony is therefore inadmissible under FRE 401 and 403, and it should be excluded.

## I.     OVERVIEW OF MR. STERN'S ANTICIPATED TESTIMONY

In his expert report, Mr. Stern does little more than serve as a corporate character witness for Gree. Mr. Stern's four conclusions are that Gree acted "in a manner consistent with best industry safety management practices" by: (1) hiring Exponent (Mr. Stern's own company) to perform a root cause analysis; (2) cooperating with the CPSC in developing and implementing the recall corrective action plan; (3) hiring Stericycle, a product recall service company, to run the dehumidifier recall; and (4) hiring Exponent to evaluate its internal safety/compliance management programs in January 2014. Declaration of Neal R. Marder ("Marder Decl.") ¶ 2, Ex. A at 1-2.

## II.    MR. STERN'S OPINIONS 2-4 HAVE NO BEARING ON ISSUES IN CONTROVERSY IN THIS CASE

As the testimony thus far in the trial illustrates, none of MJC's claims in this case deal with the question of whether or not Gree acted properly from a product safety standpoint in establishing and conducting the recall once it agreed that the dehumidifiers were defective. Rather, MJC's claims regarding the dehumidifier defects focus exclusively on what Gree knew and did *before* the parties reported the defects to the CPSC.

Opinions 2, 3, and 4 of Mr. Stern's report simply serve as corporate character

evidence, purporting that Gree is a good company that is concerned with consumer safety because it performed a recall of defective dehumidifiers and subsequently reviewed its internal safety compliance procedures. However, Gree's development and implementation of the recall in 2013 are completely irrelevant to MJC's allegations, which deal with Gree's conduct before the March 2013 report to the CPSC. As such, these opinions have no tendency to make a fact of consequence to the jury more or less probable than it would be without his opinions, as required by FRE 401.

Mr. Stern's opinions about Gree's actions after March 2013 have no probative value to any of Gree's defenses in this case. They simply confuse the relevant issues, thereby unduly prejudicing MJC and wasting valuable time in a trial that has already seen numerous witnesses and hours of testimony. Accordingly, he should not be permitted to present testimony consistent with these opinions provided in his expert report. *See Valtierra v. City of L.A.*, No. 2:13-cv-07562-CAS, --- F. Supp. 3d ----, 2015 WL 1644894, at *4 (C.D. Cal. Apr. 13, 2015) ("[A]dmissibility of expert opinion generally turns on preliminary questions of law determined by the trial judge, including *inter alia*, whether the testimony is relevant and reliable, and whether its probative value is substantially outweighed by risk of unfair prejudice, confusion of issues, or undue consumption of time.").

## III. CONCLUSION

Mr. Stern's anticipated testimony, as presented in Opinions 2-4 of his expert report, is not relevant to any issues in this case and would only serve to unduly prejudice MJC and waste this court's and the jury's time. Mr. Stern should therefore be precluded from presenting this testimony in this trial.

| | |
|---|---|
| Dated: May 6, 2015 | WINSTON & STRAWN LLP |

By: */s/ Neal R. Marder*
      NEAL R. MARDER
      ALI R. RABBANI
      IAN C. EISNER
      DREW A. ROBERTSON
      Attorneys for Plaintiffs and Counter-Defendants MJC America, Ltd., dba Soleus International Inc.; MJC America Holdings Co., Inc. and MJC Supply, LLC; and Counter-Defendants Charley Loh, Jimmy Loh, and Simon Chu