

FILED
CLERK, U.S. DISTRICT COURT

May 14, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: _____VRV_____ DEPUTY

CV 13-04264-SJO (CWx):   MJC America Ltd., et al.  v.  Gree Electric Appliances Inc., of Zhuhai, et al.

# JURY INSTRUCTIONS

# TABLE OF CONTENTS

| Number | Title | Page |
|---|---|---|
| 1. | DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE) | 1 |
| 2. | BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE | 2 |
| 3. | BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE | 3 |
| 4. | WHAT IS EVIDENCE | 4 |
| 5. | WHAT IS NOT EVIDENCE | 5 |
| 6. | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 6 |
| 7. | CREDIBILITY OF WITNESSES | 7 |
| 8. | STIPULATIONS OF FACT | 8 |
| 9. | DEPOSITION IN LIEU OF LIVE TESTIMONY | 9 |
| 10. | FOREIGN LANGUAGE TESTIMONY | 10 |
| 11. | USE OF INTERPRETERS IN COURT | 11 |
| 12. | STATEMENTS OF A PARTY OPPONENT | 12 |
| 13. | EXPERT OPINION | 13 |
| 14. | CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE | 14 |
| 15. | CHARTS AND SUMMARIES IN EVIDENCE | 15 |
| 16. | CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT | 16 |
| 17. | LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY | 17 |
| 18. | "FIDUCIARY DUTY" EXPLAINED | 18 |
| 19. | AGENCY—DEFINITION AND SCOPE OF AUTHORITY | 19 |
| 20. | AGENCY RELATIONSHIP—LARRY LAM AND GREE HONG KONG | 20 |
| 21. | INTENTIONAL MISREPRESENTATION | 21 |
| 22. | OPINIONS AS STATEMENTS OF FACT | 22 |
| 23. | PUFFING | 23 |
| 24. | CONCEALMENT | 24 |
| 25. | RELIANCE | 25 |
| 26. | REASONABLE RELIANCE | 26 |
| 27. | PROXIMATE CAUSATION | 27 |
| 28. | INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS | 28 |

| 29. | INTENTIONAL INTERFERENCE WITH  PROSPECTIVE ECONOMIC ADVANTAGE | 29 |
|-----|----------------------------------------------------------------|----|
| 30. | INTRODUCTION TO TORT DAMAGES—LIABILITY CONTESTED               | 30 |
| 31. | TORT DAMAGES—OUT-OF-POCKET DAMAGES                             | 31 |
| 32. | TORT DAMAGES—LOST PROFIT DAMAGES                               | 32 |
| 33. | DAMAGES—MITIGATION                                             | 33 |
| 34. | PUNITIVE DAMAGES                                               | 34 |
| 35. | DUTY TO DELIBERATE                                             | 36 |
| 36. | CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY                  | 37 |
| 37. | COMMUNICATION WITH COURT                                       | 38 |
| 38. | RETURN OF VERDICT                                              | 39 |

**INSTRUCTION NO. 1**

**DUTY OF JURY (COURT READS AND PROVIDES**

**WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## INSTRUCTION NO. 2

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 3**

**BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

# INSTRUCTION NO. 5
## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTION NO. 7
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence;
and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 8**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts to be placed in evidence as **Exhibit 465**. You should therefore treat these facts as having been proved.

8

**INSTRUCTION NO. 9**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Several depositions were taken throughout this litigation.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 10**

**FOREIGN LANGUAGE TESTIMONY**


Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know Mandarin/Chinese, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 11**

**USE OF INTERPRETERS IN COURT**


You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

# INSTRUCTION NO. 12

## STATEMENTS OF A PARTY OPPONENT

You have heard testimony that certain representatives of the parties made certain statements.  It is for you to decide (1) whether the person made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the person may have made it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INSTRUCTION NO. 13
## EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 14**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 15**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**INSTRUCTION NO. 16**

**CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**

All parties are equal before the law and a corporation, including a foreign corporation, is entitled to the same fair and conscientious consideration by you as any party.

# INSTRUCTION NO. 17

## LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

The fact that a corporation's employee, agent, director or officer no longer works for the corporation does not affect the corporation's responsibility for the acts of that employee, agent, director or officer performed while he or she worked for the corporation.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 18
## "FIDUCIARY DUTY" EXPLAINED

An officer or director owes what is known as a fiduciary duty to his or her corporation.  A fiduciary duty imposes on an officer or director a duty to act with the utmost good faith in the best interests of his or her corporation.

# INSTRUCTION 19

## AGENCY—DEFINITION AND SCOPE OF AUTHORITY

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. The agency agreement may be oral or written.

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

A person can also be deemed an agent for another person if the other person creates the impression that the person is its agent and a third party reasonably relies on that impression.  This is called apparent authority, as distinguished from actual authority.

# INSTRUCTION NO. 20

## AGENCY RELATIONSHIP—LARRY LAM AND GREE HONG KONG

MJC America, MJC Supply, and MJC Holdings ("MJC") claim that Larry Lam was Gree's agent and that Gree is therefore responsible for Larry Lam's conduct while employed by Gree.

Agency can be actual or apparent.  If MJC proves that Gree gave Larry Lam authority to act on its behalf, then Larry Lam was Gree's agent.  This authority may be shown by words or may be implied by the parties' conduct.  This authority cannot be shown by the words of Larry Lam alone.

Alternatively, Gree is responsible for Larry Lam's conduct if MJC proves all of the following:

1.	That Gree intentionally or carelessly created the impression that Larry Lam was Gree's agent;

2.	That MJC reasonably believed that Larry Lam was Gree's agent; and

3.	That MJC was harmed because it reasonably relied on its belief.

The fact that Larry Lam no longer works for Gree does not affect Gree's responsibility for Larry Lam's acts performed while he worked for Gree.

MJC also claims that Gree Hong Kong was Gree China's agent and that Gree China is therefore responsible for Gree Hong Kong's conduct.  The same rules would apply to determining whether Gree China is responsible for Gree Hong Kong's conduct.

# INSTRUCTION NO. 21

# INTENTIONAL MISREPRESENTATION

MJC America, MJC Supply, and MJC Holdings ("MJC") claim that Gree fraudulently induced MJC to enter into a joint venture through intentional misrepresentations regarding the quality, safety, and/or sales potential of Gree's products.  To establish this claim, MJC must prove all of the following:

1. That Gree made a representation to MJC regarding the quality, safety, and/or sales potential of Gree's products;

2. That Gree's representation was false;

3. That Gree knew that the representation was false when Gree made it, or that Gree made the representation recklessly and without regard for its truth;

4. That Gree intended that MJC rely on the representation;

5. That MJC reasonably relied on Gree's representation in entering into the joint venture;

6. That MJC was harmed; and

7. That MJC's reliance on Gree's representation was a substantial factor in causing its harm.

A representation may be made orally, in writing, or by nonverbal conduct.

21

# INSTRUCTION NO. 22

## OPINIONS AS STATEMENTS OF FACT

Ordinarily, an opinion is not considered a representation of fact. An opinion is a person's belief that a fact exists, a statement regarding a future event, or a judgment about quality, value, authenticity, or similar matters. However, Gree's opinion is considered a representation of fact if MJC proves that:

Gree claimed to have special knowledge about the subject matter that MJC did not have; or

Gree made a representation, not as a casual expression of belief, but in a way that declared the matter to be true; or

Gree had a relationship of trust and confidence with MJC or

Gree had some other special reason to expect that MJC would rely on Gree's opinion.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 23**

**PUFFING**

"Puffing," or sales talk, is generally considered opinion.  If Gree's assertion of quality is merely a statement of opinion—mere 'puffing'—it cannot be held liable for its falsity.

**INSTRUCTION NO. 24**

**CONCEALMENT**

MJC America, MJC Supply, and MJC Holdings ("MJC") claim that Gree fraudulently induced MJC to enter into a joint venture through concealing information regarding the quality, safety, and/or sales potential of Gree's products. To establish this claim, MJC must prove all of the following:

1.　　(a)　That Gree and MJC were prospective partners in a joint venture; and

　　　　(b)　That Gree intentionally failed to disclose certain facts regarding the quality, safety, and/or sales potential of Gree's products to MJC;

*or*

1.　　That Gree disclosed some facts regarding the quality, safety, and/or sales potential of Gree's products to MJC but failed to disclose other facts, making the disclosure deceptive;

*or*

1.　　That Gree intentionally failed to disclose certain facts regarding the quality, safety, and/or sales potential of Gree's products that were known only to Gree and that MJC could not have discovered;

*or*

1.　　That Gree prevented MJC from discovering certain facts regarding the quality, safety, and/or sales potential of Gree's products;

2.　　That MJC did not know of the concealed fact(s);

3.　　That Gree intended to deceive MJC by concealing the fact(s);

4.　　That had the omitted information been disclosed, MJC reasonably would have behaved differently i.e., it would not have entered into the joint venture;

5.　　That MJC was harmed; and

6.　　That Gree's concealment was a substantial factor in causing MJC's harm.

24

# INSTRUCTION NO. 25

## RELIANCE

MJC America, MJC Supply, and MJC Holdings ("MJC") relied on Gree's misrepresentation or concealment if:

1.     The misrepresentation or concealment substantially influenced MJC to enter into a joint venture with Gree; and

2.     MJC would probably not have entered into a joint venture with Gree without the misrepresentation or concealment.

It is not necessary for a misrepresentation or concealment to be the only reason for MJC's conduct.

# INSTRUCTION NO. 26
## REASONABLE RELIANCE

In determining whether MJC America, MJC Supply, and MJC Holdings' ("MJC") reliance on the alleged misrepresentation or concealment was reasonable, or whether MJC reasonably would have behaved differently had the allegedly omitted information been disclosed, MJC must first prove that the matter was material. A matter is material if a reasonable person would find it important in determining his or her choice of action.

If you decide that the matter is material, you must then decide whether it was reasonable for MJC to rely on the misrepresentation or concealment. In making this decision, take into consideration MJC's intelligence, knowledge, education, and experience.

However, it is not reasonable for anyone to rely on a misrepresentation or concealment that is preposterous. It also is not reasonable for anyone to rely on a misrepresentation or concealment if facts that are within his observation show that it is obviously false.

**INSTRUCTION NO. 27**

**PROXIMATE CAUSATION**

Causation requires proof that the defendant's conduct was a substantial factor in bringing about the harm to the plaintiff.

27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INSTRUCTION NO. 28

## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

MJC America and MJC Supply ("MJC") claim that Gree intentionally interfered with the contract between MJC and Gree USA as memorialized in the Agreement of Distribution, and as evidenced by, among other things, the parties' conduct.  To establish this claim, MJC must prove all of the following:

1.  That there was a contract between MJC and Gree USA;

2.  That Gree knew of the contract;

3.  That Gree's conduct prevented performance or made performance more expensive or difficult;

4.  That Gree intended to disrupt the performance of this contract or knew that disruption of performance was certain or substantially certain to occur;

5.  That MJC was harmed; and

6.  That Gree's conduct was a substantial factor in causing MJC's harm.

28

**INSTRUCTION NO. 29**

**INTENTIONAL INTERFERENCE WITH**

**PROSPECTIVE ECONOMIC ADVANTAGE**

MJC America and MJC Supply ("MJC") claim that Gree intentionally interfered with an economic relationship between MJC and Gree USA that probably would have resulted in an economic benefit to MJC.  To establish this claim, MJC must prove all of the following:

1. That MJC and Gree USA were in an economic relationship that probably would have resulted in an economic benefit to MJC;

2. That Gree knew of the relationship;

3. That Gree engaged in retaliatory conduct against MJC because MJC insisted that Gree notify the Consumer Product Safety Commission about the defects that caused Gree-manufactured dehumidifiers to overheat and/or catch on fire;

4. That by engaging in this conduct, Gree intended to disrupt the relationship or knew that disruption of the relationship was certain or substantially certain to occur;

5. That the relationship was disrupted;

6. That MJC was harmed; and

7. That Gree's conduct was a substantial factor in causing MJC's harm.

29

**INSTRUCTION NO. 30**

**INTRODUCTION TO TORT DAMAGES—LIABILITY CONTESTED**


If you decide that MJC America, MJC Supply, and/or MJC Holdings have proved their claim against Gree for fraud, or that MJC America and/or MJC Supply have proved their claims against Gree for intentional interference with contractual relations and/or intentional interference with prospective economic advantage, you also must decide how much money will reasonably compensate the plaintiff for the harm.  This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Gree's wrongful conduct, even if the particular harm could not have been anticipated.

The plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

**INSTRUCTION NO. 31**

**TORT DAMAGES—OUT-OF-POCKET DAMAGES**

MJC America, MJC Supply, and MJC Holdings claim that they are entitled to recover their "out of pocket" damages caused by the fraud.  MJC America and MJC Supply also claim that they are entitled to recover their "out of pocket" damages caused by the intentional interference with contractual relations and/or intentional interference with prospective economic advantage.

To decide the amount of damages, you must determine the value of what the plaintiff gave and subtract from that amount the value of what the plaintiff received.

The plaintiff may also recover amounts that it reasonably spent in reliance on the defendant's false representation if those amounts would not otherwise have been spent.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 32**

**TORT DAMAGES—LOST PROFIT DAMAGES**

MJC America and MJC Supply ("MJC") claim that they are entitled to recover their lost profits caused by the intentional interference with contractual relations and/or intentional interference with prospective economic advantage.

To recover damages for lost profits, the plaintiff must prove it is reasonably certain it would have earned profits but for the defendant's conduct.  To decide the amount of damages for lost profits, you must determine the gross amount the plaintiff would have received but for the defendant's conduct and then subtract from that amount the expenses the plaintiff would have had if the defendant's conduct had not occurred.

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

# INSTRUCTION NO. 33

## DAMAGES—MITIGATION

MJC has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Gree has the burden of proving by a preponderance of the evidence:

1.     that MJC failed to use reasonable efforts to mitigate damages; and

2.     the amount by which damages would have been mitigated.

33

**JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 34**

**PUNITIVE DAMAGES**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.  You

may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INSTRUCTION NO. 35
# DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTIONS**

# INSTRUCTION NO. 36

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

# INSTRUCTION NO. 37

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

# INSTRUCTION NO. 38
## RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.